### STEWART *vs.* PAULDING.

APPEAL FROM THE FIRST JUDICIAL DISTRICT COURT.

In an action by the vendor against the vendee of real estate, adjudicated at public auction, the plaintiff's request to the defendant that he would comply with the terms of the sale, and the defendant's refusal to do so, is insufficient to put the latter in default.

The plaintiff sold at public auction a lot of ground with its improvements, situated in suburb St. Mary, at the corner

of Gravier and Baronne streets, in the city of New-Orleans, measuring sixty-nine feet on Baronne street, one hundred and one feet and seven inches on Gravier street, and one hundred twelve feet and ten inches on the line adjoining Mr. Mioton. The defendant became the purchaser for eleven thousand and eight hundred dollars, payable in six, twelve and eighteen months to be secured by endorsed paper and mortgage on the premises.

The petition charged that since the sale, the defendant had refused to abide by the adjudication thus made to him, and to comply with the conditions of the sale. That the plaintiff had since caused the lot to be sold at auction, for the defendant's account. At the second sale it was adjudicated for the sum of ten thousand dollars. This action was brought to recover one thousand and eight hundred dollars, the difference in the prices at the two sales.

No answer was filed, and judgment by default was taken and afterwards confirmed.

The defendant obtained a rule *nisi* to set aside the judgment. On the return of the rule, A. Hennen, Esq., a witness for the defendant, testified that the plaintiff's counsel had informed him that the suit had been brought, and if no answer were filed, judgment would be taken. Witness mentioned these facts to defendant, who in the absence from the city of witness, had employed the late S. Hill, Esq., as counsel to defend the cause.

The defendant in his affidavit stated that he had a good defence on the merits, and specified several grounds on which he had intended to rely. He also stated that the plaintiff had acceeded to his wish to annul the sale as defendant had been informed by his counsel, S. Hill, Esq., who soon afterwards died. The defendant believed that his said counsel had taken all requisite legal steps to secure his rights.

The motion for a new trial was overruled, and no testimony having been taken by the clerk in writing, and the parties not agreeing on a statement of facts, the judge *a quo* furnished one.

Isaac L. M'Coy, testified that the property had been adjudicated, as stated in the petition, to the defendant. "That defendant when applied to by witness, always refused to comply with the terms of sale; that defendant was notified that if he did not comply with the terms of sale, the property would be sold again, and at his risk." The lot was accordingly sold a second time, in presence of defendant. The first sale was made for eleven thousand eight hundred dollars, and the second for ten thousand dollars.

The defendant then appealed.

*De Armas*, for plaintiff and appellee, contended that:

1. No statement of facts can be drawn up after judgment by default is affirmed. *Code of Practice, art.* 602 and 603.
2. No demand for nullity of a judgment can be made but by a regular action. *Code of Practice, art.* 604.
3. Judgment ought to be confirmed by testimonies not on record.

*Hennen*, for the defendant and appellant, contended that:

1 The allegations of the petition are not sufficient to maintain the action.
2. The proof does not make out any cause of action.
3. There was no legal citation served on the defendant; none of the legal formalities of a citation being complied with, as is apparent on the face thereof.
4. The judgment by default should have been set aside, for the reasons detailed in the affidavit of the defendant.

MATHEWS, J., delivered the opinion of the court.

This action is founded on the 2589th article of the Louisiana Code, found in the chapter which treats of sales by auction, &c. The suit is brought to recover the difference in the price of immovable property, which had been adjudicated

to the defendant, who, as alleged, is the proprietor, refused to comply with the terms of sale; and in consequence of this refusal, the auctioneer sold the property a second time at his risk, for a price less than was obtained at the first adjudication.

The defendant suffered judgment to be entered by default, which was afterwards made final, on hearing of testimony in the cause. From this judgment he appealed, and obtained a statement of facts, made out by the judge *a quo,* the parties having refused to agree to one.

Under this statement of facts, it is contended on the part of the appellant, that the plaintiff failed to show any cause of action, not having produced any evidence to establish that the defendant was legally put in default, *in mora,* in respect to the performance of his part of the contract.

The first time we were required to investigate this subject was in the case of *Erwin* vs. *Fenwick,* to be found in 6 *Mar. N. S. p.* 229. We there expressed an opinion that the rules relating to the steps required to be taken in order to place a debtor *in mora,* considered in regard to some of these provisions, are entirely arbitrary; but being imperative must be obeyed by those who administer justice under the law. The sale to the defendant implied a commutative contract; it was on credit, and the vendor was bound to give his notes for the payment of the price, and the plaintiff to convey to him the property sold, which being an immovable, required a written act of sale, according to the *art.* 1907 of the *La. Code.* In commutative contracts when the reciprocal obligations are to be performed at the same time, or the one immediately after the other, the party who wishes to put the other in default, must, at the time and place expressed in or implied by the agreement, offer to perform as the contract requires, that, which on his part, was to be performed, or the opposite party will not be legally put in default. The article 2588 states, that if the object adjudged by auction, be one for which the law requires that the act of sale shall be made in writing, the purchaser may retain the price, and

the seller the possession of the thing, until the act be passed, &c. &c.

EASTERN DIS.
January, 1834.

The statement of facts in the present case, does not show that any act of sale, in writing, of the property, was passed or offered to be passed, by the seller. The only testimony adduced on this matter, is that of the auctioneer, who testified that the defendant, when requested by him, refused to comply with the terms of the sale. But this was not sufficient to put him in default, according to the 1907th art. of the Code above cited, for the plaintiff did not offer to perform that which on his part was to be performed, viz: to make the deed of conveyance. This case does not differ in any material circumstance from that cited from 6 *N. S.* See *p.* 235.

In an action by the vendor against the vendee of real estate, adjudicated at public auction, the plaintiff's request to the defendant that he would comply with the terms of the sale, and the defendant's refusal to do so, is insufficient to put the latter in default.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled; and it is further ordered, that judgment be here entered against the plaintiff and appellee, as in case of nonsuit, with costs in both courts.