## BAILEY et al. *v.* STETSON et al.

Plaintiffs, having contracted to do certain work on a steamer belonging to defendants, took her into their dock, where, in consequence of the falling of the scaffolding, she was seriously injured. Several weeks were consumed in making the repairs rendered necessary by the accident. No time had been fixed during which the work originally undertaken was to be completed. There was no proof of any demand for the delivery of the steamer before the repairs were completed. On a claim in reconvention for damages for injury sustained by the owners, in consequence of the time consumed on the repairs rendered necessary by the fall : *Held*, that plaintiffs can be made liable only after having been put in default by a demand for the delivery of the boat, or by proof, on the part of defendants, that the condition of the boat after the accident, was such as to make any demand unnecessary.

APPEAL from the District Court of the First District, *Buchanan*, J. *Schmidt* and *Grymes*, for the plaintiffs. *Benjamin* and *Micou*, for the appellants.

The judgment of the court was pronounced by

EUSTIS, C. J. On the 10th of August, 1844, the plaintiffs, who are respectable shipwrights on the opposite side of the river, made a contract for the repair of the steamer Brilliant, of which the defendants were owners. The price of the repairs was fixed at $900, payable one half in cash, and the other in ninety days, in good city paper. The repairs were made, and additional work was done to the boat to the value of $200. The jury gave the plaintiffs a verdict for these sums. The difficulty between the parties, as discussed before us, grows out of the exclusion of certain claims for damages, which the defendants set up in reconvention against the plaintiffs, and which were disallowed by the jury.

It appears that, on the night following the taking of the steamer into the floating dock of the plaintiffs, for the purpose of being repaired, the scaffolding which supported her gave way, and she fell to the bottom, and was very seriously damaged. For the repairs rendered necessary by this accident, the plaintiffs claimed from the defendants the further sum of $2977 40. This work was fairly put on the boat, and her condition, according to the weight of evidence, we think was improved by the new work. The jury disallowed this last sum, and threw the expense of these repairs upon the plaintiffs. They ask the affirmance of the judgment; the defendants insist on their claims set up in reconvention, which it remains to consider.

The defendants allege that the repairs specified by the contract would not have required more than ten days; that there was unnecessary delay on behalf of the plaintiffs in taking the steamer into the dock; that the fall of the steamer was caused by their neglect; that, in consequence of the fall and of the damage done thereby, she was detained in the dock for upwards of six weeks, so that

she was not ready to resume her regular trips until the 8th or 9th of October; <span style="float:right">BAILEY<br>*v.*<br>STETSON.</span> and that, during this time, the defendants hired the St. Landry to take her place between New Orleans and Bayou Sara, on which route the Brilliant had been previously, and has been since, employed. They charge that the steamer was a regular and favorite packet, and was in a lucrative trade, and that the plaintiffs are accountable to them for the reasonable profits which she would have made during her detention, for the wages and maintenance of a portion of the crew during that period, and for injury and damage occasioned by the accident to the furniture of the steamer. The whole amount claimed by the defendants is $8,000.

In relation to the delay in delivering the boat, it is proper to bear in mind that it is not pretended in argument, nor even alleged, that the plaintiffs were in any manner put in default, or that any notice, or demand, was ever given or made, as to any time within which the delivery would be required. The contract stipulated for no time, and we are satisfied that about ten days would have been considered an usual time necessary for the repairs required by the contract. But the defendants allege that the delay was occasioned by the accident, which was the fault of the plaintiffs; that the boat was so injured that she could not be delivered; and that. the defendants knowing that fact, there was no necessity for a demand of the boat, which, in her broken condition, could not have been delivered; and that, any such demand would be a vain thing, to which the law compels no man. These facts concerning the condition of the boat must be considered as being in issue between the parties; and if a demand for the delivery of the boat under the contract was necessary in law, to enable the defendants to recover damages for the delay in not delivering her under ordinary circumstances, it was incumbent on the defendants to prove affirmatively the facts which would dispense with the necessity of a demand. It is contended that the condition of the boat, after the accident, was such as exempted the defendants from any obligation to make this demand. That condition it rests with the defendants to establish. This has not been done. We find nothing in the testimony which authorizes the conclusion that, if the plaintiffs had been put in default, or notified that a vigorous performance of the contract would be exacted by the defendants, the whole repairs, including those required by the fall of the boat, could not have been done in the time within which the work required by the contract could, in the ordinary course of business be, or was expected to be, done. The gangs of workmen could have been doubled, trebled, or otherwise increased, and the amount of labor necessary have been put upon the boat in a proportionally shorter period of time. The law requires, before a party can recover damages for breach of contract, that he put the other party in default. This requisition is imperative, and of its useful operation there can be no question. By this means parties are brought at once to the understanding of their mutual intentions; one party insists on the performance of the contract,and the other is thenceforth responsible in damages for his default. Nothing is thenceforth left to supposition or conjecture, and one fertile cause of those misunderstandings which otherwise create so much trouble and litigation between the contracting parties, is thus effectually removed. *Fenwick* v. *Erwin*, 6 Martin, N. S. 229. *Taylor* v. *Chace*, 18 La. 90. *Hodge* v. *Moore*, 3 Rob. 402. *White* v. *Kearney et al.* 9 Rob. 495. *Hepp* v. *Cummagere*, 10 Rob. 524.

But waiving this view of the case, and considering the claims of the defendants for damages for the detention of the boat on the evidence before the jury,

BAILEY
*v.*
STETSON.

we do not feel in any manner authorized to disturb their verdict. In giving to that verdict the weight which it ought to receive in a case like this, involving facts peculiarly within the knowledge of men of business, we must consider it as settling doubtful questions arising from the testimony; and, on examing the evidence ourselves, we have by no means adopted the conclusion that, the steamer could have been profitably employed in her regular trade between New Orleans and Bayou Sara, during the time she was under the charge of the plaintiffs and undergoing her repairs. Where, under evidence of this character, a general verdict is rendered against a party, it would be unreasonable to set it aside, merely for the purpose of giving the party nominal damages.

In relation to the damage done by the fall of the steamer and the breakage of crockery, we think it is fully compensated by the non-allowance of interest to the plaintiffs by the verdict. The sum of $900 was due the plaintiffs under a written contract; the additional sum of $200 was also due by contract, and interest ought, under ordinary circumstances, to have been allowed from the default of the defendants—that is from the judicial demand. The verdict is for $1100, and the judgment does not bear interest.

In conclusion, we believe that the verdict has done full and substantial justice between the parties, and that there are no legal grounds for setting it aside.

<div align="right"><em>Judgment affirmed.</em></div>