<div style="float:right">POLICE JURY<br>v.<br>NOUGUES.</div>

draining of marshes, are special objects for which we have sometimes held that special assessment may be made upon the property to be benefited thereby. *New Orleans Draining Co.*, 11 An. p. 338. *Yeatman* v. *Crandall*, do.

The object of the Police Jury in this case could only have been attained in a lawful manner, by enforcing a uniform tax upon all persons pursuing an occupation in the same class, or by taxing personal property in the ordinary manner, or by an income tax.

This would probably have been our construction of the section already quoted from the Act of March 15th, 1855, even if it stood alone. But the 7th section of the same Act declared that the Police Jury of the right bank should "enjoy the same powers and be subject to the same duties as the Police Juries of the other parishes of the State."

Now, the 5th section of the general Act "relative to Police Juries," approved 9th April, 1847, (Sess. Acts, p. 82,) declared "that a vote of a majority of all the members elect of Police Juries shall be required to levy any parish tax, or to make any appropriations; *provided,* that in levying parish taxes they shall levy a uniform per centum on every species of property, trade, or profession on which the State assesses a tax."

We are of the opinion that the repealing clause at the end of the Act of March 15th, 1855, did not repeal the provision *quoad* the Police Jury of the parish of Orleans on the right bank of the river Mississippi, who, by the terms of the latter Act, were subjected to the same duties and invested with the same power as other Police Juries.

The law is decisive of the case.

It is, therefore, ordered that the judgment appealed from be reversed, and that ours be for the defendant, with costs in both courts.

---

## P. N. FAISANS *v.* SAMUEL MOORE.

Plaintiffs sued for the specific performance of a contract, by which defendant agreed to buy of him certain land *free from incumbrances: Held,* that plaintiff, in order to maintain his action, should have done all required of him by law to put the defendant *in mora;* O. C. 1907, 1908. Besides executing an act of sale of the land to defendant he should have procured the receipt of the Tax Collector and the certificate of the Recorder of Mortgages, showing that the property was free from incumbrances.

APPEAL from the Fifth District Court of New Orleans.

*St. Paul & Bouny,* for plaintiff. *Griffon,* for defendant and appellant.

MERRICK, C. J. The plaintiff having in the month of July, 1853, contracted to sell to the defendant three lots of ground, within the district drained by the draining company, for the sum of $1600, brings this action to compel a specific performance of the contract.

He alleges that the price was to be paid in cash, that the defendant paid four hundred and twenty dollars, and the residue was to be paid at the signing of the title; that although the plaintiff has offered to perform the contract on his part, and demanded a compliance on the part of the defendant, yet the defendant refuses to make payment.

The defendant in his answer admits the contract for the property clear of incumbrances and the payment of $420, but denies generally the other allegations of the petitioner, and avers that there is a judicial mortgage on the property in favor of the draining company, and avers his willingness to receive the title so soon as the mortgage in favor of the draining company is satisfied.

The case appears to have been tried in the absence of defendant's counsel.

The judgment of the lower court decreed the defendant, upon the plaintiff's satisfying the claim of the New Orleans Draining Company and all charges incident thereto upon the lots, to pay to the plaintiff the sum of $1180 and interest, with a proviso that the judgment should only take effect after the plaintiff shall have filed in court a full disclaimer of all the title to the said property. This judgment was signed on the 25th April, 1855. On the 30th day of May this further order was entered on the minutes "on motion of *St. Paul & Bouny*, of counsel for plaintiff, and on filing in court a duly certified copy of a deed of sale from said plaintiff to *Samuel Moore*, defendant, made in conformity with the judgment herein. It is ordered that said judgment be declared specifically performed so far as plaintiff is concerned."

The defendant appealed from the judgment rendered the 25th day of April, 1855.

He contends that he has not been put in default, the property being incumbered with taxes and the mortgage in favor of the draining company. Conceding that the indorsement upon the titles of Nov. 29, 1853, by which *LeBlanc* and *Ross* certify that they delivered the letter to the defendant, was sufficient proof of such delivery; still, we do not think the defendant has been put in default.

The only proof of the contract is the admission in the answer that the defendant agreed to buy the property free of incumbrances, and his parol declarations to the same effect, and his refusal to take the property on account of the privilege of the draining company.

This being the evidence on which plaintiff must rely to prove his demand, it makes it incumbent upon him to show that the mortgage of the draining company has been extinguished.

Moreover, to put the defendant *in mora*, the plaintiff should have done all that was required by law of him on his part; C. C. 1907, 1908 Besides signing the act, the thing to be done on his part was to procure the receipts of the Tax Collector and a certificate from the Recorder of Mortgages showing that the property was free from incumbrances. Acts 1848, p. 79, Sec. 1; C. C. 3328.

It is, therefore, ordered, adjudged and decreed by the court that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant, as in case of a non-suit, and that the plaintiff pay the costs of both courts.