No. 946.

WILLIAM H. AYMAR vs. DELMAS & HALLEY.

The judge a quo erred in nonsuiting the plaintiff on the ground that the defendants had not been put in default.

This is not an action for damages arising from the violation of a contract. It is simply an action to rescind a sale for non-payment of the stipulated price and for the use of the property while in the hands of the vendees.

APPEAL from the Third Judicial District Court, parish of St. Mary. Train, J. Lacey & Butler and D. Caffery, for plaintiff and appellant. A. L. Tucker, for defendants and appellees.

MORGAN, J. On the sixteenth of February, 1870, Green & Elder, brokers, acting for the plaintiff, sold to defendants, subject to plaintiff's approval, a plantation containing two hundred and eighty arpents, together with all the improvements thereon, including farming utensils of every kind, and boats, if any there were, seven mules, and all the corn and fodder on the place, as well as a quantity of cane which had been bought for planting purposes, sufficient to plant about forty acres, for $14,500, of which $5500 was to have been paid in cash; $2700 on the first of February, 1871; $3150 in one year; and $3150 in two years. Aymar approved the sale, and so did the defendants, in writing. It was agreed between the parties that their contract should be put in the form of a public act, and accordingly a notary public was employed to draw up the deed. After a little delay Aymar signed the act, but the defendants did not. Before signing the act, however, Aymar, upon the assurance of the defendants that they would comply with their contract, gave written instructions to his agent on the plantation to deliver it to the defendants. The order was given on the twenty-fifth of February, 1872. The mo-

ment they obtained possession of the plantation they began to complain that it was not what they expected it was ; that a mule was wanting to make up the number which they had bought ; that there were no boats; that the seed-cane was deficient in quantity ; that some taxes were due ; and some harness and plows missing, etc. This they made a pretext for not complying with the terms of sale. In the meanwhile they held on to the plantation, making crops, receiving the proceeds, and paying not a dollar of the purchase price.

The object of this suit is to rescind the contract of sale and to obtain possession of the property, together with all the improvements, mules, carts, farming implements, etc., in the same good order and condition that they were at the time of sale, or their value, and for $15,000, value of the crops made by the defendants.

The answer admits the contract, but says that it has been violated by the plaintiff ; that they were delayed in getting possession of the plantation, which prevented them from making a crop, resulting in a loss of $7000 ; that the seed cane, instead of planting forty acres, planted only fifteen; that the fences had been thrown down ; hogs and other cattle got in the seed cane ; that the improvements had been greatly injured and dilapidated ; a large quantity of corn had been consumed, destroyed, and carried away between the date of the contract and the delivery ; that there is a diminution in the quantity of land sold ; that the agent of the plaintiff induced the laborers who were on the plantation when they purchased to leave it, contrary to their agreement ; and many similar allegations. They say that the plaintiff can not maintain his action, because he has not performed his obligations, and because they have never been put in default ; that he has never tendered to them such an act of conveyance as they were required to sign ; that he has never tendered to them a certificate from the recorder of mortgages showing that the property was free from incumbrances; that there are back taxes due on it ; that they would not have been safe in paying the cash portion of the price and giving their notes for the balance until after the liquidation and settlement of the damages arising from the condition of things as stated by them ; and they demand a specific performance of the contract, and aver that they are ready to perform their part of the same. They say that they have derived no revenue from the plantation ; but, on the contrary, have expended $10,000 in improvements thereon. They pray to be quieted in their possession ; that plaintiff be ordered to perfect their title ; that they have judgment on their reconventional demand in the sum of $7000. Should the sale be rescinded, then they claim the value of their improvements, which they state to be $10,000.

This suit was instituted in 1871, and resulted in a nonsuit against the plaintiff in October, 1875. So that from 1870 up to the present time the

defendants have been in the possession and enjoyment of the plaintiff's property, deriving revenues therefrom, amounting in one year, at least, to some $8000, without having paid a dollar of the price agreed upon.

The ground upon which the judgment of nonsuit rests is that defendants were not put in default. This is not an action for damages arising from the violation of a contract. It is simply an action to rescind a sale for the non-payment of the stipulated price, and for the use of the property while in the hands of the vendees. The defenses are not supported by the evidence.

The plaintiff asks for damages in the shape of rents and revenues. But we think there have been improvements placed upon the property which compensate the rents.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the sale made on the sixteenth of February, 1870, by Aymar to the defendants, Delmas & Halley, be rescinded ; that Aymar be decreed to be the owner of the plantation and property described in his petition ; and that he be put in possession of the same.

It is further ordered that defendants pay costs in both courts.