### No. 1115.

### JOHN M. DEFEE vs. C. D. COVINGTON.

37 659
123 1080

An action for damages for a passive violation of a contract must be preceded by a putting in default of the debtor; and such putting *in mora* must be alleged in order to justify the introduction of testimony on the question of damages.

An allegation that the debtor was put in default by means of a formal demand on him for the damages claimed, does not conform with the modes provided by the Civil Code—and is not legally sufficient to admit testimony of damages.

APPEAL from the Third District Court, Parish of Union. *Graham*, J.

*John Young, Allen Barksdale, R. Richardson* and *T. O. Benton* for Plaintiff and Appellant.

*W. R. Rutland, G. H. Ellis* and *G. A. Killgore* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Defendant being sued on a contract of lease for the sum of six hundred and fifty dollars, reconvened by a demand sounding mainly in damages and amounting to twenty-seven hundred dollars.

The case was tried by a jury, who found in favor of plaintiff on his principal demand, in the sum of three hundred and fifty dollars, and against him on the reconventional demand in the sum of six hundred and forty-nine dollars and ninety-five cents, and interests on the sum of $449 86⅓ at eight per cent per annum from date until paid.

Plaintiff appealed from the whole judgment, returning his appeal from the judgment on the principal demand to the circuit court and that from the reconventional demand to this Court. We are, therefore, not concerned with the appeal from the judgment on the main action.

In this Court, plaintiff's counsel vehemently complain of what they term the anomalous condition of the case, presenting the feature of a judgment divided on appeal, with one branch pending in one court and a second branch in a different court. But we are at a loss to appreciate the bearing of their argument, in the face of the record which shows that both appeals were taken by themselves and made returnable on their own suggestion.

We can render no order affecting the appeal which has gone up to the circuit court; and counsel surely do not mean to suggest that the other appeal is improperly before us.

The position naturally results from the respective jurisdictions as defined by the Constitution; and it has already been practically demonstrated. Colomb & Gondolfo vs. McQuaid, 36 Ann. 370; Lamorere vs. Avery, 32 Ann. 1008.

The salient facts bearing on the reconventional demand are as follows:

Plaintiff, who had a mail contract with the Post Office Department, as carrier between Camden, Ark., and Monroe, La., made a contract with defendant to carry the mail between Farmerville and Monroe, at the rate of $350 per quarter of the year. During the first quarter of the year, 1881, his contract was cancelled by the department for failure to comply with his duty.

This circumstance interrupted his employment of the defendant who thereupon took the same service for the succeeding contractors on that route, at a compensation of $450 per quarter.

In the mean time, plaintiff obtained a sub contract from his successors and by agreement with the latter, he undertook to carry out their employment and assumed the payment of defendant's salary—as a result of that agreement, the new contractors refused to settle with the defendant for the quarter ending July 31, 1881. For this refusal superinduced by plaintiff's representative, the defendant claims damages,

and it is on the sum due therefor that the jury allowed him eight per cent per annum interest. Defendant thereupon refused to carry the mail any longer, and the heaviest element of the damages which he claims grows out of the alleged violation of the contract by plaintiff.

On that score the jury allowed him $367 00. The balance of their verdict was for an unpaid portion of the quarter ending on March 31, 1881.

On trial plaintiff objected to the introduction of any testimony on the subject of damages for the alleged violation of his contract, on the ground that defendant had failed to allege that plaintiff had been legally put in default, and he presses consideration of the bill which he reserved to the district judge's ruling on the point.

Defendant's contention is, first, that under the circumstances a putting *in mora* was unnecessary. From the very nature of his allegation of the violation of the contract it appears that he presents the case of a passive violation, and hence putting in default was indispensable to his recovery of damages. C. C. Arts. 1931 and 1933; Beck vs. Fleitas, recently decided, not yet reported.

But he argued, in the second place, that. he had made the plea in an amended answer which is of record. His allegation in the answer is that he had put plaintiff *in mora* by means of a demand made on him of all claims detailed in his original answer and demand in reconvention.

Such a mode of putting in default does not conform with either of the rules laid down in the Code, Article 1911. Hence the district judge erred in admitting testimony in support of the damages claimed by defendant in reconvention on account of the alleged violation of his contract by plaintiff. In the absence of such testimony the jury could not have allowed any damages on that score, and to that extent the judgment appealed from is erroneous. But that error may be corrected by an amendment of the judgment without the necessity of remanding the cause.

The judgment appealed from is therefore amended by striking therefrom the sum of three hundred and seventy-six dollars allowed to defendant on his reconventional demand for damages on account of the alleged violation of his contract by plaintiff; and it is now ordered that as thus amended said judgment be affirmed, cost of appeal to be paid by defendant, appellee.

FENNER, J. takes no part, as he was absent when the case was argued.