C. LEE McMILLAN AND CO., Appellant v. EDGAR J. MILLS

---

(Oct. 5, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Obligations—Par. 124.**
The failure to perform an obligation within the time specified is a passive violation of the contract.

2. **Louisiana Digest—Obligations—Par. 178.**
In order to recover damages for the passive violation of a contract the debtor must be put in default.

3. **Louisiana Digest—Pleading—Par. 18, 62; Obligations—Par. 177, 178.**
Where plaintiff's right of action depends upon the fact that the defendant was put in default he must allege the putting in default or his petition will disclose no cause of action.

4. **Louisiana Digest—Pleading—Par. 18.**
A document merely filed with a petition and at the same time, but not annexed thereto, as part thereof, forms no part of the petition.

5. **Louisiana Digest—Laws—Par. 68.**
S. 1 of Article 1933 Civil Code refers only to a thing which, by its nature, cannot be done after a certain time.

6. **Louisiana Digest—Appeal—Par. 726, 729.**
Where the plaintiff's attorney filed a document with the petition but failed to allege that he annexed it as part thereof, or failed to allege its contents, it will be considered an oversight and the case will be remanded for a new trial.
(Civil Code, Arts. 1912, 1932, 1933. Editor's note.)

Appeal from Civil District Court, Division "D", Hon. Porter Parker, Judge.

This is a suit for damages for failure to execute a contract of sale of movables. An exception no cause or right of action

was pleaded by the defendant. It was maintained and plaintiff's suit was dismissed. Plaintiff appealed.

Judgment reversed and case remanded for trial.

John E. Jackson, and A. D. Danziger, of New Orleans, attorneys for plaintiff, appellant.

A. D. Danziger, and P. H. Stern, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is an action for damages for failure to execute a contract of sale of movables.

The plaintiff, of New Orleans, alleged that on July 5, 1921, the defendant, E. J. Mills, of New York, agreed to sell to him 5000 bundles of cotton ties at $1.37 per bundle to be delivered 2000 in August, 2000 in September and 1000 in October, 1921; that the said ties were not delivered during August or September; that plaintiff had to buy the ties in August in open market at an advanced price of $240; and that he lost the opportunity of selling the ties in September at an advanced price of $200, making a total of $440 which he claims from the defendant.

The plaintiff enlarged his pleadings with two supplemental petitions.

To all of which the defendant pleaded no right or cause of action.

The exception is based upon the absence of an allegation in either the original or supplemental petitions that the defendant had been put in default.

· The exception was maintained and plaintiff's suit was dismissed. He has appealed.

Article 1912 (1906) of the Civil Code is as follows:

"The effects of being put in default are not only that, in contracts to give the thing which is the object of the stipulation, is at the risk of the person in default; but in the cases hereinafter provided for it is a prerequisite to the recovery of damages and of profits and fruits, or to the rescission of the contract."

C. C. 1932 (1926):

"When there is an active violation of the contract, damages are due from the moment the act of contravention has been done, and the creditor is under no obligation to put the creditor in default, in order to entitle him to his action."

Art. 1933 (1927):

"When the breach has been passive only, damages are due from the time that the debtor has been put in default, in the manner directed in this chapter."

The putting in default is therefore a condition precedent for recovery of damages in this case. Cousin vs. Schmidt, 143 La. 848, 79 South. 427, and authorities there quoted. 5 La. Dig. p. 665 S. 178 Vo. Obligations.

What must be proved must be alleged.

When plaintiff's right of action depends upon the fact that the defendant was put in default, he must allege it, or an exception of no cause of action will be sustained.

Erwin vs. Fenwick, 6 Mart. N. S. 235; Stewart vs. Pauling, 6 La. 151; Petit vs. Laville, 5 Rob. 118; Bailey vs. Stetson, 1 La. Ann. 332; Faisano vs. Moore, 11 La. Ann. 741; Howes vs. Steamer Red Chief, 16 La. Ann. 322; Provosty vs. Putnam, 19 La. Ann. 84; Beck vs. Flutas, 37 La. Ann. 492; Defee vs. Covington, 37 La. Ann. 659; Livingston vs. Scully, 38 La. Ann. 781; No. 3 C. N. 1146, 24 Demol. 514.

But the plaintiff argues that there are two reasons why a default was not necessary in this case.

The burden of proof is upon them to establish that defense Bailey vs. Stetson, 1 La. Ann. 332.

First, because there was an acknowledgment on the part of the defendant of his inability to make delivery under the contract, set out in the telegram attached to

the original petition and filed with the pleadings in this case.

It is true that such a telegram appears in the record filed on the same day that the petition was. But no mention of it is made in the petition or in the supplemental petition.

It is not alleged that it is annexed to the petition in that it forms part thereof. Therefore it cannot be considered.

In Tremont Lumber Co. vs. May, 143 La. 394, 79 South. 650, the court said:

"In our system of pleading, form is not sacramental, so that a petition may be composed in part of documents annexed to it and alleged to be made part of it. Recitals contained in documents incorporated into a petition in that manner are considered as made in the petition. But this is and can be true only when the documents are actually made part of, or incorporated into, the petition and they are evidently not thus incorporated when they are merely referred to; or as the petition in this case expresses it, are merely 'made part for reference'.

"Their contents are not then communicated to the court and to the pleader's adversary."

The second reason is that the necessity for a default does not exist in obligations to be performed within a specified time, according to S. 1 of Article C. C. 1933 which reads as follows:

"When the thing given or done by the contract was of such a nature that it could only be given or done within a certain time which has elapsed or under certain circumstances which no longer exist the debtor need not be put in legal delay to entitle the creditor to damages."

But this clause refers to a thing which by its nature can be done only in a certain time. Demolombe gives for examples the obligations to renew a mortgage inscription or to exercise the right of redemption which expires within fifteen days. Pothier Obligations No. 147. We might add, the obligation to oppose an account rendered by an Administrator, or to file an answer to a citation. In other words where time is of the essence.

It is evident that the exception does not refer to the obligation of delivering goods within a certain time which may be done after that time under certain conditions.

Failure to perform an obligation within the time specified is only a passive violation and the debtor must be put in default, in order to make him liable in damages. Gobet vs. Municipality, No. 1, and City of New Orleans, 11 La. Ann. 300.

"Where the contract has been violated by not doing what was covenanted to be done within the time stipulated a putting in default is not a prerequisite to a suit in rescission. Such putting in default is a prerequisite only to the recovery of future damages." Jennings vs. Houssiere, 119 La. 795, (831), 44 South. 481.

But if the plaintiff had annexed to his petition as part therof, the telegram in which Mills admitted his inability to comply with his contract, or if he had made the allegation to that effect in his petition, it is evident that his petition would have disclosed a cause of action.

The failure to annex the telegram or the omission to make the allegation was evidently an oversight and must not defeat plaintiff's suit.

He must be given the opportunity to annex the document or to make the necessary allegation. Lind vs. Kracke, 8564 Ct. App.

It is therefore ordered that the judgment appealed from be reversed and set aside, and that the case be remanded to allow the plaintiff to annex the document or amend his petition in accordance with the views hereinabove expressed, and for a new trial.

The plaintiff to pay the cost of appeal; the costs of the trial court to await the final judgment of the case.