(133 So. 443)

**BUSSEY v. WISE–MILLER et al.**

No. 30905.

March 2, 1931.

Rehearing Denied March 30, 1931.

acquired title), and the amount for which she agreed to sell to plaintiff, and the firm of Wise-Miller also reconvened for judgment against plaintiff for the amount of its commission, and attorney's fees thereon.

The suit is the outcome of a promise of sale, dated October 24, 1925, in which plaintiff agreed to purchase, through the partnership of Wise-Miller, from Miss Barilleaux, for the sum of $5,500, four lots of ground, in the city of New Orleans. As appears from the contract, Miss Barilleaux was not the owner of the lots at the time, but had a promise of sale from the owner. The contract was made subject to a clear and valid title being obtained by her. The contract bound plaintiff to deposit, immediately upon the acceptance of the offer, 10 per cent. of the purchase price; the deposit to be applied on the price, the balance of which was to be paid at the time of the sale. The contract provided that the act of sale should be passed within thirty-six days from its date.

The ground upon which plaintiff sues to rescind the contract and recover the deposit is that Miss Barilleaux has breached the contract by her failure to make title to her within the thirty-six days, fixed by the contract for the passage of the sale, or at least within a reasonable time thereafter, and that at no time during the existence of the contract was she the owner of the property, and was therefore unable to make title.

At the time this suit was instituted, which was on June 29, 1927, over a year and a half after the date fixed for the passage of the sale, Miss Barilleaux had not made title to the property. On January 9, 1929, some three years after that date, she had not done so, and on that day stated on the witness stand that she had not then acquired title to the property.

F. B. Freeland, of New Orleans, for appellants Wise-Miller and A. A. Barilleaux.

Dart & Dart and H. Grady Price, all of New Orleans, for appellee.

OVERTON, J.

This is a suit brought against the partnership of Wise-Miller, and the individual members thereof, and Miss Alma A. Barilleaux, to rescind, by implication, there being no express prayer therefor, a contract to purchase, and to recover a deposit of 10 per cent. of the purchase price, deposited thereunder, with the firm of Wise-Miller.

All of the defendants answered the demands of plaintiff, praying for their rejection, and Miss Barilleaux reconvened for $1,066.68, the difference between the amount she agreed to pay for the property (she not having then

The fact that Miss Barilleaux had not, up to then, acquired title to the property, was elicited from her on cross-examination, plaintiff having called her to the stand for the purpose of cross-examining her. This may be said to be the only fact of any consequence whatever brought out on the cross-examination, which consisted of only some half dozen questions. After eliciting this fact, plaintiff rested. W. E. Miller, one of the defendants in the case, was then placed on the stand by the defense. A question was propounded to him to ascertain whether he was present in the notary's office, when plaintiff was there, for the purpose of receiving title to the property. When this question was asked, plaintiff objected to the introduction of any evidence on behalf of defendants, on the ground of irrelevancy, as Miss Barilleaux had testified that she had not acquired title to the property, and therefore was not in position to comply with her contract. This objection was sustained by the court; the court being of the opinion that Miss Barilleaux had breached her contract by not acquiring the perfect ownership of the property within the thirty-six days, fixed in that instrument, and by not transferring, within that time, such ownership to plaintiff. Defendants then tendered the witness and others to show that Miss Barilleaux had a contract with S. Dedebant, Jr., for the purchase of the property, and that Dedebant had a valid and binding contract with the New Orleans Land Company for the purchase of the property, and that both Dedebant and the proper representative of the New Orleans Land Company were present, ready, willing, and able to make title direct to plaintiff. The court, however, refused to hear the evidence.

The court was in error in ruling as it did. The time fixed for the passage of the deed was not of the essence of the contract, nor did the contract provide that the mere failure of Miss Barilleaux to make title, within the time fixed, should place her in default. The mere failure of Miss Barilleaux to pass title within the time named or to comply with her contract was a passive breach of that instrument, and therefore a formal putting in default was necessary to its rescission, unless the putting in default was waived or was otherwise excusable. To show that a putting in default was excusable, and would have been a vain proceeding, plaintiff alleges that Miss Barilleaux was, at all times, and still is, unable to deliver her a legal and merchantable title to the property.

Plaintiff knew, at the time the contract was entered into, from the contract itself, that Miss Barilleaux was not the owner of the property, but had only a promise of sale of it. It did not follow, because Miss Barilleaux had not acquired title at the time the suit was filed, or even on the day of trial, that she was unable to make title. Hence, although Miss Barilleaux had not then acquired title at the time the suit was filed, or on the day of trial, the allegation that she was unable to make title, together with the circumstances in support of it, was susceptible of being overcome by proof. In the event the allegation and the circumstances were so overcome, plaintiff's case would be without evidence of a putting in default, or of an excuse for not putting in default, and therefore the sale could not be rescinded and the deposit recovered, the rescission being necessary to a recovery of the deposit. It is true that the evidence proffered by Miss Barilleaux, after the court ruled out all further evidence in the case, would not have shown the ability and willingness on the part of Miss Barilleaux to make title, in accordance with the terms of the contract, which was a title from her to plaintiff, but would have shown only her willingness and ability to

have a title made from the two promisors in the line of title direct to plaintiff, whereas, plaintiff was clearly, under her contract, entitled to a warranty deed from Miss Barilleaux to her, in order to obtain the latter's warranty.

However, Miss Barilleaux denies in her answer her inability to make title, and we think clearly discloses there, as well as in her reconventional demand, her willingness to do so, through the promisors and herself to plaintiff. Her offer to make proof of her ability to make title, direct from the promisors to plaintiff, instead of through them and herself to plaintiff, was evidently due to a misconception of her obligation under the contract. We are therefore not prepared to hold, in the present state of the record, that Miss Barilleaux was not able and willing to make title in accordance with her contract. In fact, due to her misconception of her obligation, under the contract, and a showing of her willingness and ability to comply with the obligation, the court might have even granted her a limited time within which to comply with it. Civil Code, art. 2047.

■ It might be said that Miss Barilleaux has waived her right, which we may say was evidently not her intention, to urge the foregoing defenses, as to plaintiff's right to rescind in order to obtain the deposit, by suing in reconvention, for the difference between the amount she agreed to pay for the property and the amount for which she agreed to sell to plaintiff, to recover which involves a rescission of the sale. However, the context of the answer and of the reconventional demand, and the manner in which they are drawn, the answer concluding with a prayer for the rejection of plaintiff's demand before the reconventional demand begins, and the reconventional demand concluding with a simple prayer for judgment for that amount, and for recognition of the right to retain the $550, deposited by plaintiff, to apply on the judgment, leads us to the conclusion that it was not intended that the reconventional demand should be considered unless the main demand of plaintiff should be allowed, or, in other words, that the amount sued for in the reconventional demand was in the nature of an alternative demand, to be considered only in the event of the rejection of the defenses. We therefore do not consider the waiver, which is purely technical, as made.

■ Plaintiff's contention that the contract to sell contains a potestative condition, and is therefore null, by reason of the fact that Miss Barilleaux was to acquire title to the property—a condition which it was within her power to prevent from happening—we think possesses no merit. She was under obligation to acquire title or pay the damage.

Our conclusion is that the judgment of the lower court, which was for plaintiff, should be set aside, and the case remanded to be proceeded with, not inconsistently with the views herein expressed; plaintiff to pay the cost of this appeal, and the remaining costs to remain in abeyance.