IBECK v. WISE-MILLER ET AL.

(November 16, 1931. Opinion and Decree.)
(December 14, 1931. Rehearing Refused.)
(April 25, 1932. Opinion and Decree of Supreme Court on Writs of Certiorari and Review.)
(May 23, 1932. Rehearing Refused by Supreme Court.)

Theo. Cotonio, Jr., and Theo. Cotonio, cf New Orleans, attorneys for plaintiff, appellant.

F. B. Freeland, of New Orleans, attorney for defendant-appellee Wise-Miller.

606

Jos. Lautenschlaeger, of New Orleans, attorney for defendant-appellee Newman.

WESTERFIELD, J. This is a suit for the return of $320 deposited with a real estate agent in connection with an offer to purchase property in its hands for sale. The plaintiff Miss Jennie Ibeck agreed to buy, and defendant Mrs. Catherine Newman agreed to sell, certain property in the city of New Orleans known by the municipal numbers 4008-4010 Clematis street. In the agreement of sale, which was dated January 10, 1929, it was stipulated that: "If a good and merchantable title can be made to me I agree to accept title to above property and pay the balance of the purchase price upon passing of act of sale, which shall be done at my (plaintiff's) expense before purchaser's (plaintiff's) notary public within thirty days, interest at the rate of 8 per cent per annum to be paid by purchaser on failure to pass act of sale within specified time." There was also another clause in the agreement obligating the purchaser to pay to the real estate agents their commission on the sale and attorney's fees and costs of court that might be incurred in enforcing collection, conditioned upon failure of plaintiff "to comply with the terms and conditions of this offer after same is accepted." Following the consummation of the agreement to sell, the title to the property was delivered to plaintiff's attorney, Mr. Cotonio, for examination, and it was then discovered that Mrs. Newman was not the owner of the property, the title of which stood in the name of Mr. and Mrs. E. F. Ybos, who had agreed to sell to Mrs. Newman the day before Mrs. Newman sold to plaintiff. It also developed that the Union Homestead owned a mortgage covering the property, which plaintiff had agreed to buy, as well as the adjoining property, and that the homestead at first declined to release the property without the payment of a sum in excess of the amount which plaintiff had agreed to buy it for and, thereafter, modified its demands. The taxes had not been paid on the property and a survey was required by plaintiff's counsel, which resulted in objection on the part of his client to a community driveway, which, it appeared was not entirely upon the property purchased by her. All of these developments caused objection by plaintiff's counsel and resulted in a long correspondence between the real estate agents, Wise-Miller, and himself, to which firm counsel seemed to look for correction of his objections to the title, though he had been informed of the fact that the vendor, Mrs. Newman, was represented by counsel. Finally, on April 3, 1929, all efforts to effect a transfer of the property having in the meantime, failed, this suit was brought, in which the plaintiff, Miss Jennie Ibeck, asked judgment against Wise-Miller and Mrs. Catherine E. Newman, in solido, in the sum of $719, with interest from January 10, 1929, and the further sum of $25 per month from March 1, 1929.

Wise-Miller answered and, after setting up the clause of the agreement of sale in which, under certain conditions, plaintiff had agreed to pay their commission and attorney's fees, asked that plaintiff's suit be dismissed and that they be allowed $128 as commission, together with $35 as attorney's fees. Mrs. Newman answered averring that the failure of the transaction was due entirely to the fault of plaintiff.

There was judgment below in plaintiff's favor against Mrs. Catherine Newman and against Wise-Miller, ordering the return to her of the sum of $320, and in reconvention in favor of Wise-Miller against plaintiff in the sum of $128 and the further sum of $35 as attorney's fees. Plaintiff alone has appealed.

Without discussing the items of damages claimed from the standpoint of their being too remote and speculative, we observe

that, under Rev. Civ. Code, arts. 1910, 1911, 1912, 1913 and 1914, putting in default is a "prerequisite to the recovery of damages" for the passive breach of a commutative contract. Bussey v. Wise-Miller, 172 La. 198, 133 So. 443.

In so far as the thirty-day clause in the contract is concerned, the penalty for default is fixed at 8 per cent interest upon the purchase price. Neither party seems to have insisted upon this clause, and both, we consider, have waived it.

The various objections to the title, which plaintiff's counsel urged, such as his insistence upon taking title from Mrs. Newman, instead of the record owner, the payment of the taxes, the release of the homestead loan, etc., should have been the subject of a demand upon Mrs. Newman's counsel for compliance within a reasonable time, and not of a personal undertaking by plaintiff's counsel, or of a lengthy correspondence with Wise-Miller, the real estate agents, who had negotiated the sale, particularly since counsel had been previously informed that the vendor was represented by counsel. However, we find that Wise-Miller wrote plaintiff's counsel under date of March 7, 1929, a little less than one month before this suit was filed, as follows:

"If you will fix a definite date for the passing of the act of sale, giving us a reasonable length of time to arrange all details to your satisfaction, we are sure that we could accomplish same to the best interests of all concerned."

This offer was ignored, the letter unanswered, and no further effort made to consummate the sale. Under the circumstances, we believe that plaintiff is responsible for the failure of the transaction. It follows that plaintiff is liable for the commission due Wise-Miller and the attorney's fee agreed upon.

For the reasons assigned the judgment appealed from is affirmed.