OVERTON, Justice.
 

 This suit was brought to rescind an act of sale of real property executed by plaintiff to the defendant Samuel Zanca, and for an accounting of the rents and revenues derived by Zanca from the property, and should the court find that Zanca was not guilty of fraud in obtaining the act of sale, then to dissolve the sale for failure to pay the purchase price, and also for an accounting of rents and revenues, and should Zanca be unable to return the property, then, in that event, to recover judgment against him for $7,500, with legal interest thereon from September 5, 1930.
 

 The petition alleges that plaintiff entered into an agreement with Andrew Scontrino, on May 7, 1930, to exchange his property, designated as 101 Papworth avenue, Metairie Ridge, valued at $8,900, subject to a homestead mortgage of $1,400, the mortgage to be assumed by Scontrino in the exchange, for the property of Scontrino, located on Tricou and North Robertson streets, in New Orleans, valued at $15,000, subject to a mortgage of $7,500, the mortgage to be assumed by plaintiff in the exchange, the exchange to be executed on or before forty-five days from the date of the agreement.
 

 It is also alleged that, on September 1, 1930, the foregoing agreement was modified by another agreement, whereby one, John DiMartino, who was the holder of the $7,500 mortgage note against Scontrino’s property, and Scontrino and plaintiff agreed that Scontrino should transfer to DiMartino his property, included in the first agreement, and that DiMartino would lease the Scontrino property, to be transferred to him, to plaintiff, and would grant, in the lease, an option to plaintiff to purchase the leased'property on or before September 1, 1933, all rents, when paid, to be credited on the purchase price.
 

 It is also alleged that, on September 5,1930, plaintiff received notice that everything was in readiness for the execution of the required papers. On receipt of the notice, the petition shows that plaintiff went to the notary’s office, where he found Scontrino, DiMartino, and several others. An act, it is alleged, to the defendant Zanca, was presented to plaintiff for signature, without the notary’s reading the instrument to plaintiff. Plaintiff signed the act, which purports to be a sale to Zanca, and was informed, it is alleged, that DiMartino would execute the lease and option to plaintiff the next day, which was never done.
 

 The petition shows that, in the sale to Zanca, the recited consideration of $6,000 was not paid, and it also shows that Scontrino did not transfer his property to DiMartino, as agreed by the supplemental contract of September 1, 1930, but instead DiMartino seized Scontrino’s property, under his mortgage, and had it sold.
 

 
 *527
 
 The petition also shows that Scontrino knew at the date the supplemental agreement was signed of his inability to carry out the agreement, due to the existence of other mortgages on the property besides the one due DiMartino, and hence, it is alleged, that Scontrino acted fraudulently in signing the agreement.
 

 The petition also alleges that Scontrino fraudulently conspired with his codefendant and relative, Zanca, to deprive plaintiff of his property without consideration. The petition then alleges that, should there be found to be no fraud in the sale to Zanca, then that the sale to him should be dissolved, because of the nonpayment of the purchase price, and that an accounting should be ordered made of the revenues of the property.
 

 The trial court sustained exceptions of nonjoinder and of no right or cause of action, directed by defendants against plaintiff’s petition.
 

 The exception of nonjoinder rests upon the ground that plaintiff has not made DiMartino a party to the suit. It was unnecessary for plaintiff to make him a party. He was not a party to the sale, sought to be annulled or dissolved. The judgment, prayed for, cannot affect him, or deprive him of a single right. It is a matter of indifference to DiMartino, so far as his rights are concerned, whether or not the sale be annulled or dissolved.
 

 The exception of no right or cause of action rests on the ground that there is no allegation in plaintiff’s petition, showing a putting of defendants in default. So far as relates to the demand to annul the sale on the ground of fraud, the fraud alleged makes a putting in default unnecessary. So far as relates to the alternative demand that, if no fraud be shown, the transfer to Zanca should be dissolved for nonpayment of the purchase price, a different question is presented — one in which fraud does not enter. The success of this alternative demand is dependent alone-on the failure to pay the purchase price. Such failure is merely a passive breach of a contract. In such instance, a putting in default is necessary. Oiv. Code, arts. 1931 and 1933. To the extent only of this alternative demand the exception of no right or cause of action properly may be sustained.
 

 For these reasons, the judgment, appealed from, is set aside; the exception of nonjoinder is overruled; the exception of no right or cause of action is overruled, save only to the extent of said demand, made in the alternative, wherein plaintiff asks for the dissolution of the sale, because of the nonpayment of the purchase price to which extent only the exception is sustained, and plaintiff’s demand, to that extent and no further, is dismissed as of nonsuit. It is further ordered that plaintiff’s demands, except the one dismissed, be remanded to be proceeded with consistently with the views, here expressed, defendants to pay the costs of this appeal, and the rest of the costs to remain in abeyance until the final determination of this case.