## WALTERS v. ROSS.

No. 5461.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Rehearing Denied June 30, 1937.

Writ of Certiorari and Review Denied Nov. 2, 1937.

696

Joel L. Fletcher, of Colfax, for appellant.

C. H. McCain, of Colfax, for appellee.

HAMITER, Judge.

A deed covering a certain tract of land in Grant parish, La., was executed on April 23, 1934, by Mrs. Margaret A. Walters in favor of Charles M. Ross. The recited consideration for the sale was $500, and was evidenced by one promissory note of the vendee due January 1, 1936, and secured by a mortgage and vendor's lien on the property.

On September 3, 1936, Mrs. Walters instituted this suit for the purpose of dissolving the sale. In her petition, she alleges that the "property was sold all on a credit and no part of the purchase price and no part of the note has ever been paid."

Defendant excepted to the petition as disclosing no cause or right of action. After a hearing, the exception was overruled.

An answer, coupled with a reconventional demand, was then filed by defendant. This reconventional demand, however, was ordered stricken from the pleadings on motion of plaintiff.

On the trial of the merits of the case, proof was offered in plaintiff's behalf. Counsel for defendant refused to take part in the trial. There was judgment in plaintiff's favor annulling and setting aside the aforementioned sale for nonpayment of the purchase price and ordering a cancellation of the note and mortgage executed by defendant. The latter appealed.

It is urged by defense counsel in this court that the judgment is erroneous for the reason that (1) plaintiff does not allege that defendant had been put in default and (2) proper allegation respecting plaintiff's place of residence is not contained in the petition.

■ Plaintiff's action is predicated on article 2561 of the Revised Civil Code, which provides in part: "If the buyer does not pay the price the seller may sue for the dissolution of the sale." The evidence in the case is conclusive that no part of the

agreed consideration has been paid. Therefore, the action is duly authorized. Furthermore, by reason of such nonpayment, a formal putting in default was unnecessary. George v. Knox, 23 La.Ann. 354; Aymar v. Delmas & Holley, 28 La.Ann. 582. The filing of the suit was itself a putting in mora. School Directors v. R. K. Anderson, Administrator, et al., 28 La.Ann. 739. Consequently, the lack of allegations in the petition respecting default did not affect its validity. Article 2126 of the Revised Civil Code and the case of Defee v. Covington, 37 La.Ann. 659, which are cited and relied on by defense counsel, are not relevant to the matter under consideration.

■ Defendant's second assignment of error calls into question article 172 of the Code of Practice, which provides in part: "The petition must be drawn in the English language, and it must mention: * * * 2. The name, surname and place of residence of the plaintiff." The initial pleading of plaintiff herein recites: "The petition of Mrs. Margaret A. Walters of the Parish of Grant, State of Louisiana, with respect represents." This recitation, in our opinion, sufficiently complies with the aforementioned codal requirement.

The judgment of the trial court appears to us to be correct, and it is affirmed.