**GOUDEAU v. DAIGLE et al.**

No. 9941.

Circuit Court of Appeals, Fifth Circuit.

Jan. 6, 1942.

Rehearing Denied Feb. 2, 1942.

A. Leon Hebert, Jr., H. Alva Brumfield, Jr., and L. A. Goudeau (in propria persona), all of Baton Rouge, La., and Archibald M. Suthon, of New Orleans, La., for appellant.

Emile A. Carmouche, Jr., of New Orleans, La., and L. O. Pecot, of Franklin, La., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing appellant's suit to enforce specific performance of a contract or, in the alternative, to recover damages for the breach thereof, on the ground that the complaint failed to state a cause of action upon which relief could be granted. The sole question for our decision is the correctness of that judgment.

On November 17, 1931, the appellant, L. A. Goudeau, contracted in writing to purchase a tract of land in Louisiana, together with the tools, stock, seed, and feed, from Paul LeBlanc. Appellant agreed to pay $15 of the purchase price upon the acceptance of the offer, and an additional $4,985 in cash upon being furnished an acceptable abstract of title and a deed. It was agreed that, since Goudeau did not have available the purchase price, payment thereof might be deferred until he could collect a judgment then owing to him, except payment could not be made after December 1, 1932. LeBlanc agreed to furnish the abstract, to sell the property, and to pay the taxes due for the year 1931.

It is alleged that LeBlanc never furnished the abstract to appellant. It is not alleged that Goudeau ever called upon LeBlanc for the abstract or ever tendered to him the balance of the purchase price. The sale was not consummated, and it is not alleged that anything was done pursuant to the agreement until 1940. LeBlanc died in 1934, and in 1940 Goudeau announced to LeBlanc's successors in title his readiness to perform his obligations under the contract, and demanded that they perform those derived by them from LeBlanc. They refused, and this suit was instituted.

The sales agreement was a commutative contract imposing reciprocal obligations.[1] The duty to furnish an abstract was a suspensive condition, and the failure of the seller to comply therewith constituted a passive breach of contract.[2] But this alone does not entitle the appellant either to a decree of specific performance or a judgment for damages. There is no allegation in the complaint that appellant was ever able, ready, or willing to pay the stipulated purchase price within the time fixed by the contract or at any other time prior to 1940. Nor did appellant make any effort to induce compliance with the contract or to place LeBlanc in default for his failure to perform.

Even in commutative contracts where the reciprocal obligations are not to be performed at the same time, a party wishing to put the other in default must himself

---

[1] Articles 1768, 1770, Louisiana Civil Code.

[2] McMillan & Co. v. Mills, 3 La.App. 9; Eugster v. West, 35 La.Ann. 119, 48 Am.Rep. 232; Cousin v. Schmidt, 143 La. 843, 79 So. 427; Escat v. Zanca, 177 La. 524, 148 So. 698.

be ready, and must offer to receive the performance of the other.[3] Where the breach is passive, putting in default is an essential prerequisite to the recovery of damages therefor.[4] Appellant's offer to perform in 1940 was long after the expiration of the time prescribed therefor by the contract, and was not effective to place the property owners in default.[5]

Neither may the denial of specific performance be reversed. This remedy is not favored in Louisiana law, and cannot be claimed as an absolute right.[6] The refusal to decree specific performance was in the exercise of the sound discretion of the court below, and the judgment appealed from is

Affirmed.

---

[3] Vance v. Tourne, 13 La. 225; Stewart v. Presley, 22 La.Ann. 514; Art. 1914, Louisiana Civil Code.

[4] Defee v. Covington, 37 La.Ann. 659; Landeche v. Sarpy, 37 La.Ann. 835; Livingston v. Scully, 38 La.Ann. 781; Murray v. Barnhart, 117 La. 1023, 42 So. 489; Penick & Ford v. Waguespack & Haydel, 148 La. 39, 86 So. 605; Bussey v. Wise-Miller, 172 La. 198, 133 So. 443; Art. 1933, Louisiana Civil Code.

[5] Gobet v. Municipality No. 1, 11 La. Ann. 300; Bennett v. Fuller, 29 La.Ann. 663; Penick & Ford v. Waguespack & Haydel, supra.

[6] Solomon v. Diefenthal, 46 La.Ann. 897, 15 So. 183; Youngblood v. Daily and Weekly Signal Tribune, 15 La.App. 379, 131 So. 604; Art. 1927, Louisiana Civil Code.