## No. 69.

### J. W. STALLCUP VS. J. L. PYRON.

Registry of an act of sale under private signature, is sufficient notice to third persons, of the mutation of title, without proof of the signatures of the parties to the act. Distinction between the effect of registry of an act of sale, as to notice, and the effect of the act itself as proof of title. Previous Decisions affirmed.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor, J.*

*Alexander & Blanchard* for Plaintiff and Appellant:

First—Petitory action. Plaintiff claims under public act executed January 15th, 1881, recorded January 25th, 1881

Second—Defendant claims under private act, dated December 2d, 1879, recorded (by copying in conveyance book) Sept. 15th, 1880, without any acknowledgment or proof whatever of its execution.

Third—Plaintiff in good faith; no knowledge of defendant's title, or the pretended registry thereof, or his possession of the land.

Fourth—The means of obtaining knowledge not equivalent to actual knowledge. Parties presumed to be in good faith until the contrary is shown. 7 A. 3.

Fifth—Sale of immovables under private signature have effect against creditors and third persons in general only from day such sale is registered according to law, and the actual delivery of the thing sold. C. C. 2442, 2246.

Sixth—Registry of private act of sale without effect, unless previous to its being recorded it was acknowledged by the party, or proved by the oath of one of the witnesses, and such acknowledgment or proof recorded with the instrument. C. C. 2253; 28 An. 725; 16 L. 443, 454; 9 An. 154; 6 An. 171; 4 R. 335.

Seventh—Plaintiff's title superior, because must be held older in point of registry.

*Land & Land* for Defendant and Appellee:

First—If an act of sale under private signature is recorded in the proper office, the question whether it was recorded on sufficient proof is immaterial so far as concerns the question of notice to the public. 9 An. 547; 10 An. 502; 11 An. 533; 25 An. 111; 28 An. 725.

Second—Defendant's title being prior in registry, must prevail.

The opinion of the Court was delivered by

POCHÉ, J. This is a petitory action in which both parties claim title to the same property, derived from a common author.

Plaintiff rests his title on a sale from Fanny Festervant, by authentic act under date of January 5, 1881, recorded on the 25th of the same month and year.

79

Defendant claims under a sale under private signature from the same person, bearing date of December 2d, 1879, recorded on September 15th, 1880, but not proved by any of the attesting witnesses until the 12th of February, 1881.

The judgment of the District Court was in favor of defendant, and plaintiff appeals.

He contends that, although his sale was posterior in date to that of defendant, his title is the best, for the reason that defendant's sale under private signature, was inscribed without proof of the signatures of the parties thereto, as required by Art. 2253 of our Civil Code, and contends that the registry of defendant's title, as made, was absolutely without effect as to third parties.

The record shows that, at the time of his purchase, defendant was already in possession of the lands in controversy under a homestead entry made by him under the laws of the United States, in March, 1878, but which had been subsequently cancelled as erroneous, and that his possession has since continued. The issue under the pleadings is thus narrowed down to the effect, as to third parties, of the registry of defendant's sale effected as above set forth.

It is elementary that, between the parties to the act, defendant's sale without registry was translative of title, and was a perfect conveyance, and that registry in the proper office was the only element wanting to render it binding on third parties, and on the world. The object of registry is notice, and we hold, as settled, that notice is given by the registry of a sale under private signature, even without proof of the signatures of the parties thereto, as required by Art. 2253.

A broad distinction exists and must be made in law, between the effect of registry of an act of sale, as to notice, and the effect of such an act as proof of title. And, in this connection, it is to be noted that, in the Code of 1825, Art. 2250, which is Art. 2253 of our present Code, is to be found under the head of "Copies of Titles." The rule is, that an act of sale under private signature, recorded in the conveyance office, even without proof of the signatures of the parties to the act, is sufficient to give notice, which is the only object of registry; but that such an act, thus registered, could not be used as evidence of the title which it purports to transfer, adversely to third parties, without proof of such signatures. To illustrate, if, at the time of the trial of this case; no proof had ever been given of the signatures of the parties at or preceding the registry, as prescribed in Art. 2253, and if the attesting witnesses and the parties to the act had been dead, or no proof as required by the article, could have been offered on the trial, of the signatures to the act, then, and in that case, the act would have had no effect as to plaintiff, and would not have been evidence adversely to him of the title set up

in the case at bar. This shows the distinction to be made between the sufficiency of the proof for registry as to notice, and the proof of acts of sale under private signature, as controlled by the rules of evidence.

These views are not in the least in conflict, but are, on the contrary, in perfect harmony with the textual provisions of the Code, and are in keeping with numerous adjudications of this Court on that point.

In 9 An. 154, Kittredge vs. Hebert, one of the very decisions cited by plaintiff, the doctrine which we are seeking to enforce, is clearly recognized, and the same doctrine was still more emphatically sanctioned in the case of Hampton vs. Morgan, page 547 of the same volume, where the Court held: "If the recorder of conveyances does put a sale under private signature on the record, the question whether he does so or not on sufficient proof, is immaterial so far as concerns the question of notice to the public. It has been so held in case of registry of mortgages by private writing, and we are aware of no legislation excluding registries of conveyances from the same equitable doctrine. The object of registry, both of sales and mortgages, is notice to the public; and this object is fulfilled no matter whether the proof on which the recorder acts is formal or informal."

Plaintiff argues, however, that the court had fallen, in the case cited, into the error of confounding the law which governs the registry of acts of sale with that regulating the inscription of mortgages. We are clear that the court committed no such error, and that the language used has exclusive reference to the effect of such registry as notice, and not as to the question of the effect of such acts thus registered, as a question of evidence or proof of title.

The fallacy is on the part of plaintiff himself, who fails to recognize the distinction which is so clear, and which has been consistently and persistently recognized and enforced in numerous decisions of our predecessors. Oakey vs. Corry, 10 An. 502 ; Boykin vs. Wright, 11 An. 533 ; Pierce vs. Clark, 25 An. 111 ; Fairthorn vs. Davis, 28 An. 725 ; Dyke vs. Dyer, 14 An. 701.

Plaintiff calls our attention to his bill of exceptions from the judge's ruling on the admission in evidence of defendant's act of sale, to which he objected on the ground that said act had no *effect* against him but from the day of its registry, and that as to plaintiff, that act had no *effect* before the date of the proof of its execution. The very language used by plaintiff shows that his objection went to the *effect* and not to the admissibility of the document, and that the judge's ruling was correct. The same objection was urged and the same ruling made in the case cited above from 9 An. 154.

The judgment of the lower court is, therefore, affirmed at appellant's costs.