(79 South. 427)

No. 23038.

COUSIN v. SCHMIDT et al.

In re SCHMIDT et al.

(June 29, 1918.)

*(Syllabus by the Court.)*

1. VENDOR AND PURCHASER ⟸341(2)—SALES
   —PURCHASER'S ACTION FOR PRICE PAID—
   CAUSE OF ACTION—PLEADING.

   A petition alleging an agreement by defendant to sell and by plaintiff to buy a described tract of land, payments by plaintiff on account of the price, "in expectation of getting a deed of sale some time later," and demanding a repetition of the amounts paid, subject to a credit for trees cut and removed from the land by plaintiff, sets up a passive violation of the alleged contract, and discloses no cause of action, by reason of its failure to allege that the deed was to be executed within an agreed time, and that demand had been made and defendant put in default with respect thereto.

2. PLEADING ⟸8(11)—ALLEGATIONS—FACTS.

   The allegations in such a petition that, "Furthermore, defendant was unable to give title" is not a well-pleaded allegation of fact, and means no more than that, in the opinion of the pleader, defendant was unable, etc., and it will not necessarily be taken as true for the purposes of an exception of no cause of action.

3. EVIDENCE ⟸70—TRIAL ⟸36—PRESUMPTIONS—LEGALITY OF CONTRACT—ADMISSIONS.

   Where plaintiff alleges and defendant admits that a contract was entered into between them for the purchase by plaintiff and sale by defendant of land belonging to defendant, and no issue is raised as to the form and validity of the sale, a court should rather assume that the contract was in the form required for a legal contract, since legality, rather than illegality, is presumed in such cases, and that which one litigant admits the opposing litigant is not, ordinarily, required to prove.

4. EVIDENCE ⟸450(12), 460(3)—PAROL EVIDENCE—RECEIPT FOR MONEY PAID.

   A written receipt for money paid on account for the "purchase price" of land, imperfectly described, may be supplemented by parol evidence identifying the land and establishing the amount agreed on as the price.

Certiorari to Court of Appeal, Parish of St. Tammany.

Suit by Rosemie Cousin against Lucia Schmidt and minors Cusachs, with demands in reconvention by defendants. The decree of the district court in favor of plaintiff was sustained by the Court of Appeal, and defendants apply for certiorari or writ of review. Judgment amended to reject the plaintiff's demand and to dismiss the suit, and judgment in so far as it rejected the demand in reconvention left undisturbed.

Adrian D. Schwartz, of Covington, for applicants. Harvey E. Ellis, of Covington, for respondent.

Statement of the Case.

MONROE, C. J. On April 21, 1915, plaintiff brought suit against the heirs, major and

minor, of Camille Cusachs, deceased wife of J. J. Cusachs, alleging that, having accepted her succession (the minors with benefit of inventory), they were indebted to her in the sum of $300, for this to wit:

"(6) That, about June 29, 1907, Camille Cousin agreed to sell to petitioner, and petitioner contracted to buy from her, certain property described as: 'A portion of lot No. 1 of Sec. 45 T. 8 S. R. 13 E. Greensburg district, La., designated on a plat and subdivision of said property, as per plan of survey thereof made by Jos. Pugh. surveyor, in Nov. 1908, which plat was filed in the office of the clerk of court of St. Tammany parish, La., February 19, 1913. Said property being known as part of Mrs. Anatole Cousin's land.'"

"(8) That, in pursuance of said agreement, on the 29th day of July, 1907, petitioner paid to said Camille Cousin the sum of $100, on account of the purchase price of said above-described property, and, on the 4th day of September, 1907, petitioner paid said Camille Cousin the further sum of $200 on account of the purchase, price of said above-described property, in expectation of getting a deed of sale therefor some time later.

"(9) That said Camille Cousin failed and neglected to carry out said agreement, and to execute a deed of sale to petitioner for said property, or to return the amount of said $300, paid by petitioner on account of the purchase price, and furthermore, was unable to give title to said land.

"(10) That said indebtedness is subject to a credit of $18, the value of certain trees that were cut and removed by petitioner from said land, leaving a balance due petitioner of $282, which is still unpaid."

And she prays that judgment be rendered for the amount last above stated.

Defendants filed an exception of no cause or right of action, which, by order of the court, was referred to the merits. They then filed an answer, admitting that they had accepted the succession of their mother, under benefit of inventory; admitting the agreement to sell and buy, as alleged; admitting the payments on account, but averring that no deed was executed "because no vendor's lien and mortgage was retained and respondents would have been without protection to have executed the sale until the purchase price was paid"; averring that they have not failed and neglected to carry out the agreement, and that they are able, and have always been able, to give title; admitting that plaintiff entered into possession of the land and cut the trees, but averring that they are informed that the waste on the land was greater than alleged; and, becoming plaintiffs in reconvention, they again allege that they are ready, and have always been ready, to execute a valid title to the land described in the petition the full purchase price of which was $700, and that they tender and deposit in the registry of the court a full and perfect title thereto, to be delivered by the clerk to plaintiff on payment of the balance of $400, due on the price, with interest from the date of the tender. And they pray for judgment accordingly.

The note of evidence, taken down upon the trial, reads:

"Plaintiff offers in evidence the two receipts annexed to plaintiff's petition filed in this case.

"It is admitted by defendants that they inherited from their mother property inventoried at a much larger value than the amount sued for in this case. Evidence closed."

The receipts thus mentioned purport to be signed by "Camille Cousin," and show, respectively, payment of $100 and $200 "on account, being part payment on a piece of land on the east side of Bayou Lacomb, being a portion of Mrs. Anatole Cousin's land," and "on account for my land on the east side of Bayou Lacomb, being a portion of Mrs. Anatole Cousin's land." Without disposing of the exception, the trial court gave judgment for plaintiff as prayed for, and dismissed the demand in reconvention, which judgment havng been affirmed by the Court of Appeal, we are asked to review that ruling.

## Opinion.

The reasons for judgment assigned by the trial judge are as follows:

"It is a well-settled principle of our law that all contracts touching the sale of real estate must be in writing, to be enforceable. One of

the original parties to this verbal agreement has since died, and, under no circumstances, could the plaintiff maintain an action to enforce, against the heirs, the performance of the agreement made by their ancestor; therefore her only remedy is to seek to recover the amount paid on the unenforceable agreement. Defendants will lose nothing, and equity demands that the money should be refunded. No one should be permitted to enrich himself at the expense of another."

The reasons assigned by the Court of Appeal for affirming the judgment of the district court are, in substance, that, though nowhere in . her petitions does plaintiff allege what price was agreed on between her and Camille Cousin, and though defendants—

"aver that the price agreed on for the property was fixed at $700, * * * defendants * * * made no attempt to prove, either by parol or otherwise that $700, or any other fixed amount, was agreed upon, * * * contenting themselves with a mere tender of title, and resting their case on the record thus made up. * * * The receipts, annexed to the petition, obviously embody only a part of the agreement between plaintiff and Camille Cousin, were manifestly incomplete, and were not intended to exhibit the whole agreement. The actual facts of the agreement, which were not embraced within the scope of the agreement. say, the description of the property, or the price agreed upon, could, we believe, have been shown by parol. Jones on the Law of Evidence, §§ 445, 446. Plaintiff, it is true, supplied the description which was lacking in the receipts, by the allegations of her petition but said nothing as to the 'price' of the property, which is nowhere admitted or alleged by her. Defendants made the essential allegation as to the price in their answer, but made no attempt, either by parol or written evidence, to show what it was. If parol evidence had been offered for that purpose, and denied admission by the trial court, this court would be in a position to correct the error, and to order the case remanded for the reception of the proof to show that a price had been agreed upon by the parties for the promise of sale. * * *
"From the record as made up, and upon which the case was submitted, no promise to sell or contract of sale being shown, the only alternative left us is to affirm the judgment, which properly decrees plaintiff entitled to the money paid to Camille Cousin; and it is therefore affirmed," etc.

The appellate court, like the trial court, ignored defendants' exception of no cause and no right of action; and, as it does not appear to have been referred to the merits, by the trial court, with defendants' consent, and is now insisted upon by them, we think they are entitled to have it considered.

[1-3] As her cause of action, plaintiff alleges that Camille Cousin agreed to sell, and that she "contracted to buy from her," a certain parcel of land, which she describes; that she made certain payments "on account of the purchase price of said above-described property, in expectation of getting a deed of sale therefor, some time later"; that Camille Cousin "failed and neglected to carry out said agreement and to execute a deed, * * * or to return" the amounts so paid; and she prays for judgment for those amounts. She does not allege that the agreement was verbal, but neither does she allege that it was written, and for the purposes of an exception of no cause or right of action the court should rather assume that it was in the form required for a legal contract, since legality rather than illegality is presumed in such cases, and plaintiff sets it up as a legal contract. The failure to allege whether a contract that is sued on is oral or written is usually met by an exception of vagueness, and a prayer for oyer, where the contract proves to have been written; and the exception of no cause and no right of action, herein filed, was not leveled at that defect. It was addressed to the failure of the petition to allege that the agreement sued on contained any stipulation requiring the execution of a deed at a fixed time, and to the fact that, on the contrary, its allegation that plaintiff made a payment on account "in expectation of getting a deed * * * some time later" carries with it the implication that no fixed time for such execution was agreed on, and, taken in connection with the allegation that Camille Cousin "failed and neglected" to execute the deed, amounts merely to a complaint of a passive violation of a contract, and furnishes no basis for an action, without the further allegation of a putting in de-

fault. And from that point of view we are of opinion that the exception was well taken. C. C. arts. 1911, 1933; Livingston v. Scully, 38 La. Ann. 781; Robbins v. Martin, 43 La. Ann. 488, 9 South. 108; Johnson v. Levy, 118 La. 451, 43 South. 46, 9 L. R. A. (N. S.) 1020, 118 Am. St. Rep. 378, 10 Ann. Cas. 722. It is true that, after alleging that Camille Cousin "failed and neglected," etc., the petition goes on to allege, "and, furthermore, was unable to give title to said land," but that is mere expression of opinion on the part of the pleader. She does not state that Camille Cousin had admitted that she was unable to give the title, and the proper method of testing her ability in that respect is provided by the law, which requires that there shall be a demand in such cases, and a putting in default. We, therefore, conclude that the exception should have been maintained. But, were it otherwise, plaintiff failed to offer any evidence on the subject upon the trial on the merits, and defendants tendered a title, said to be full and perfect. Considering the point upon which our learned Brethren of the Court of Appeal have rested their decision, we find some difficulty in reconciling the conclusion reached by them with the pleadings in the case. Plaintiff alleges, specifically, that there was a contract whereby Camille Cousin agreed to sell and she to buy a tract of land, which she describes; that she made specific payments, aggregating $300, "on account of the price," which means that there was a price agreed on; that Camille Cousin failed and neglected to carry out said agreement, and for that reason her heirs should be adjudged to return the money so paid, but that her claim therefor is subject to a credit of $18, "the value of certain trees that were cut and removed by petitioner from said land," which is an admission that the land had been delivered into her possession—all of which is admitted by defendants. And yet plaintiff has obtained judgment for the amount claimed merely by offering the receipts for the $300, because defendant failed to prove the amount of the price. Of course, there must have been a price, but, as plaintiff alleges and defendants admit that payments were made and received "on account of the price," it appears to us that whether the price was one amount or another is a matter in which the courts are not particularly concerned, and that, save for the establishment of their demand in reconvention, it was a matter in which the defendants were not concerned. As the matter stands, it appears to us that defendants have been condemned by reason of the failure of proof that was not required, save for the support of the demand in reconvention, and that, in order to entitle plaintiff to recover, she should have proved affirmatively that no price was agreed on, instead of admitting, as she does, that there was a price.

[4] We agree with the learned Court of Appeals that the receipts afford written evidence of the sale, though incomplete, and that parol evidence would be admissible to establish the identity of the land and the total of the agreed price, but, as there was no issue upon the question of identity, and the admitted payments on 'account of the price established that a price was agreed on, we think there was error in giving judgment for plaintiff on the theory that there was no price agreed on, though the reconventional demand was properly dismissed for the failure of defendants to establish the amount thereof.

For the reasons thus assigned, it is ordered that the judgment here made the subject of review be amended, in so far as that the demand of the plaintiff is now rejected and her suit dismissed at her cost in both courts; said judgment, in so far as it rejects the demand in reconvention, being left undisturbed.