## No. 2019

### Second Circuit

---

### JESSIE RAWLS v. JOHN C. THOMAS, ET AL.

---

(March 11, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Registry—Par. 7, 12.** Registry of a deed under private signature without proof of the genuineness of the signature of the parties thereto is notice to third persons of the change in the title.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bossier. Hon. Robert Robers, Jr., Judge.

This is a jactitation suit converted into a petitory action by the answer of the defendant. There was judgment for plaintiff

adjudging him to be the owner of the land and awarded him $500.00 damages.

The demand of the defendant, John C. Thomas, against the warrantor was rejected.

The defendant, John C. Thomas, appealed.

Judgment amended increasing the damages and otherwise affirmed.

Drew & Drew, of Benton, attorneys for plaintiff, appellee.

T. H. McGregor, of Shreveport, attorney for defendant, appellant.

REYNOLDS, J. This is a jactitation suit, converted into a petitory action, by the answer of the defendant, involving the title to 40 acres of land, more or less, being the east half of the west half of the northeast quarter of Section 16, Township 22 north, Range 11 west, in Bossier parish, Louisiana.

Plaintiff claims title by deed from David Rawls dated October 23, 1919; David Rawls acquired the land from the Succession of Will Rawls; and Will Rawls acquired it from Eliza Tidwell by deed dated November 16, 1905, recorded March 19, 1907.

The land is shown to have belonged to Eliza Tidwell at the time she sold to Will Rawls by unbroken chain of title going back to the United States government.

Defendant, J. C. Thomas, claims title to the land by deed from Eliza Rawls Carter (formerly Eliza Tidwell), dated October 27, 1919, recorded November 6, 1919.

Defendant further claims that the deed from Eliza Tidwell to Will Rawls is without legal effect for the reason that it was recorded without the signatures of the parties thereto being proved up, and because the notary public who passed the act endorsed thereon:

"I certify that the foregoing is a true copy."

Defendant called Eliza Tidwell Carter in warranty and she answered, setting up that the deed from herself to John C. Thomas was obtained by him by fraud; that it was her intention to convey and his intention to acquire only the west half of the west half of the northeast quarter of Section 16, Township 22 north, Range 11 west, and that John C. Thomas fraudulently had the deed drawn to convey the entire west half of the northeast quarter of the section.

C. C. Collins, to whom John C. Thomas had made an oil and gas lease on the land, was made a party to the suit and cited, but he did not seriously defend the suit and has not appealed from the judgment of the lower court, so that as to him the judgment appealed from is final.

On these issues the case was tried and there was judgment in favor of the plaintiff, Jessie Rawls, and against the defendant, John C. Thomas, decreeing him to be the owner of the land in controversy and quieting him in his title to and possession thereof and cancelling, as a cloud thereon, John C. Thomas' deed thereto, and awarding him five hundred dollars with legal interest thereon from the date of the judgment until paid as damages. The demand of the defendant, John C. Thomas, against the warrantor was rejected.

The defendant, John C. Thomas, appealed.

### OPINION

The first question to be decided is in whom is the title to the land in controversy vested.

Elizabeth Tidwell was the true owner of the property and she sold it to Will Rawls by deed dated November 16, 1905, recorded March 19, 1907.

The gravamen of defendant's contention is that this deed was without legal effect for the reason that there was written across it by the notary who passed it:

"I certify that the foregoing is a true copy."

The deed as written and signed was actually recorded in the conveyance records of Bossier parish, where the land is situated, and stood upon the record, if as nothing more, then at least as notice to the world that the title to the property had passed out of Eliza Tidwell.

In Stallcup vs. Tyron, 33 La. Ann. 1249, the court said:

"It is elementary that, between the parties to the act, defendant's sale without registry was translative of title, and was a perfect conveyance, and that registry in the proper office was the only element wanting to render it binding on third parties, and on the world. The object of registry is notice, and we hold, as settled, that notice is given by the registry of a sale under private signature, even without proof of the signatures of the parties thereto, as required by Article 2253.

"A broad distinction exists and must be made in law between the effect of registry of an act of sale, as to notice, and the effect of such an act as proof of title. And, in this connection, it must be noted that, in the Code of 1825, Article 2250, which is Article 2253 of the present Code, is to be found under the head of Copies of Titles. The rule is that an act of sale under private signature, recorded in the conveyance office, even without proof of the signatures of the parties to the act, is sufficient to give notice, which is the only object of registry; but that such an act, thus registered, could not be used as evidence of the title which it purports to transfer, adversely to third parties, without proof of such signatures."

In this case it has been clearly proved that the signature of Eliza Tidwell to the deed conveying the property to Will Rawls is genuine.

Eliza Tidwell, being sworn, testified that she signed the deed, and so also swore the attesting witnesses to the act, W. C. Mears and W. H. Stroud.

It is therefore clear that Jessie Rawls, who holds under an unbroken chain from Will Rawls, has a perfect title to the land in dispute, and that the judgment of the lower court so holding is correct.

Defendant contends that he acted in good faith and therefore should not be held for actual or any other damages caused plaintiff by his assertion of title to the land.

The evidence in the case convinced the trial judge to the contrary, and we think his finding on that point also is correct.

The case bristles with conditions that are not to be found in good faith transactions.

Defendant claims to have traded forty acres of land said to be worth $500.00 for $200.00 in cash and forty acres of land burdened with a mortgage for $300.00 in favor of the Federal Land Bank, together with another forty acres and the timber and mineral rights in the entire 120 acres.

Defendant testified that the surface rights of the land in Section 16, Township 22 north, Range 11 west, was worth very little, the principal value of the land being for the timber thereon and mineral rights; and yet he claims to have traded the naked surface rights on forty acres of land in that section for eighty acres adjoining it and in addition thereto all the timber on and mineral rights in the entire 120 acres and $200.00 in cash.

Defendant, John C. Thomas, testified, page 54:

."Q. Was good timber on the land you let her have?

"A. Well, there was some good timber on it but I reserved it.

"Q. You got that timber?

"A. Yes, sir.
                *   *   *   *

"Q. You also got the timber on the land that she traded you?

"A. Yes, sir.

"Q. And reserved the timber on the land that you sold her?

"A. Yes, sir. I was in the timber business. I was working in the tie business and would not sell any timber at all.

H. L. Giles testified, pages 34 and 35:

"Q. Mr. Giles, did you ever hear Mr. Thomas tell about the trade that he made with Eliza Tidwell?

"A. Yes, sir.

"Q. What did he say the trade was?

"A. He said that he had swapped Eliza Tidwell forty acres for forty acres and had gotten two hundred dollars to boot and the timber off of both forties.

"Q. Is that what he told you the trade was?

"A. I heard him say that.

"Q. How long ago was that?

"A. Just after he made the trade."

From all the evidence in the case we are convinced that it was the intention of John C. Thomas and Eliza Tidwell to trade forty acres of land for forty acres of land and that the east half of the west half of the northeast quarter of Section 16, Township 22 north, Range 11 west, in Bossier parish, Louisiana, was included in the deed from Eliza Tidwell to John C. Thomas by error and mistake.

It is shown by the evidence that at the time of the transfer from Eliza Tidwell Carter to John C. Thomas that Jessie Rawls, the plaintiff, was living on the land in controversy as his home, and that he had a title thereto by unbroken chain going back to the United States Government.

Defendant, John C. Thomas, testified that it was not his intention to take title to the land on which Jessie Rawls was residing; nevertheless when his attention was called to the fact that the deed from

Eliza Tidwell Carter to him embraced the land on which Jessie Rawls was living and also that he had been offered $2,000.00 for part of the mineral rights therein, he, Thomas, made no effort to correct his deed or to remove the cloud cast on plaintiff's title thereby.

We think plaintiff has clearly proved actual damage beyond the amount claimed by him in his petition, but of course we cannot allow judgment for more than the amount claimed.

Plaintiff claimed damages in the sum of $750.00, which included $250.00 attorney's fees. The District Court allowed him $500.00, but rejected his claim for attorney's fees. In this court the plaintiff has asked that the judgment be amended so as to allow the $250.00 attorney's fees claimed.

Under authority of Letham Cypress Co. vs. Dusenbury, Teiss. Orleans App. Dig. 157, and the evidence in this case, we think the plaintiff is entitled to judgment for the attorney's fees in addition to the amount allowed him by the District Court.

The defendant's call in warranty against Eliza Tidwell Carter is without merit, and was properly rejected by the lower court.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended by increasing the damages allowed plaintiff from five hundred dollars to seven hundred and fifty dollars with legal interest on five hundred dollars of said amount from the date of the judgment of the lower court, to-wit, June 8, 1923, and with like interest on two hundred and fifty dollars thereof from the date of this judgment, and that in all other respects the judgment appealed from be affirmed with costs.