No. 3258

First Circuit

COUSINS v. CUSACHS

---

(March 8, 1927. Opinion and Decree.)
(May 3, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 127, 128, 129.**

In view of Article 2291 of the Civil Code admission of fact in the sworn petition and answer of prior suit which left the parties in the same condition in which they were before it was filed, are not like legal conclusions unsuccessfully urged, but admitted facts, the effect of which was not done away with by the result of the former suit.

2. **—Louisiana Digest—Evidence—Par. 333.**

A denial of the signature of their deceased mother based on lack of knowledge of the facts is not equivalent to the express disavowal or allegation that they did not know her hand writing required by Code of Practice, Article 324 and Civil Code, Article 2244.

3. **Louisiana Digest—Public Records—Par. 7. Sales—Par. 205.**

Receipts are acts under private signature and the registry of acts under private signature, indicating contracts in regard to land, that have been made in the conveyance books, can be offered and receipted in evidence against the party said to have executed same, or their heirs claiming under them without proof of signature.

4. **Louisiana Digest—Evidence—Par. 128, 129.**

Where the signature of the defendant's mother to receipts was admitted in a former suit by the defendants it will be considered an admitted fact.

5. **Louisiana Digest—Estoppel—Par. 33, 46.**

Where, after a former suit is finally determined, several years elapse before another suit is filed during which time the parties were engaged in negotiations looking to amicable agreement, the plaintiff does not lose her rights by her delay.

6. **Louisiana Digest—Timber—Par. 15.**

An heir of a deceased mother who had agreed to sell land and accepted part payment has not the right to cut timber therefrom and will be held responsible in damages for the value of the timber cut.

7. **Louisiana Digest—Judgment—Par. 10, 11.**

Where there is no demand in the petition for the return of the taxes paid on property sold, the only proof admitted being that taxes were paid, is not sufficient evidence to give judgment for the return of taxes paid.

Appeal from the District Court, Parish of St. Tammany. Hon. Prentice B. Carter, Judge.

Action by Rosamie Cousin against Lucia Cusachs et al.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Harvey E. Ellis, of Covington, attorney for plaintiff, appellee.

Lewis L. Morgan and J. Monroe Simmons, of Covington, attorneys for defendants, appellants.

ELLIOTT, J. On October 9, 1915, Mrs. Rosamie Cousin, widow of Lawrence

Cousin, instituted suit against Mrs. Lucia Cusachs, wife of J. O. Schmidt; Anna, wife of S. G. Theisin; Walter, Camille, Stella, Maurice, Harry, James and Charles Cusachs. She alleged as her cause of action against them that they were the sole and forced heirs of their mother, Camille Cousin, deceased wife of J. J. Cusachs. That their mother had agreed to sell and the petitioner to buy "A certain tract of land being a portion of Lot 1 of Section 43, T. 8, S. R. 13 E, designated a lot No. 9 on a plat and subdivision made by Joseph Pugh in November, 1908; filed February 19, 1913, in the office of the Clerk of Court of the Parish of St. Tammany, said property being known as part of Mrs. Anatole Cousin's land."

That on June 6, 1907, she had paid to their mother $100.00 and on September 9, 1907, $200.00 on account of the purchase price, making $300.00. That their mother had departed this life neglecting to make her a title and was unable to give her a title to said land; that defendants had accepted their mother's estate and were bound by her obligations. Defendants were given credit in the petition for $18.00 on account of trees which the plaintiff had cut from the land. The object of the suit was to recover the sum paid to their mother as above said. The suit bears the number 2443 on the docket of the late 26th Judicial District Court for the Parish of St. Tammany. Lucia, Anna, Walter and Camille were of age and were sued and defended themselves accordingly, but Stella, Maurice, Harry, James and Charles were at that time minors. Gaspar Cusachs, their tutor was therefore cited and defended them in thecase. The major heirs and the tutor appeared through the same attorney and excepted to plaintiff's petition on the ground that it disclosed no right or cause of action against them, which

was overruled by the court. On April 24, 1916, the major heirs and the tutor all appeared by the same attorney and answering plaintiff's demand, under reserve of their exceptions, denied being indebted unto the plaintiff as alleged. They admitted that their mother had by an agreement entered into with the plaintiff, on or about June 29, 1907, agreed to sell and the plaintiff to buy, the property described in the petition; that the price of the sale was $700.00 and on which account the plaintiff had paid and their mother received $300.00 as alleged, in expectation of getting a title, but that no title was to be passed until the price had been paid in full and that $400.00 remained unpaid; that they were ready and willing to execute a title in the execution of the agreement, upon the payment of the balance due. They tendered title, conditioned as above said. They alleged that plaintiff had taken possession of the property. They therefore prayed for the rejection of her demand against them and for judgment in reconvention against the plaintiff for $400.00; balance due on the purchase price and compelling the plaintiff to comply with the agreement on her part.

The district judge held that the contract between the plaintiff and defendant was not enforcable and condemned the defendants to return the $300, as prayed for by the plaintiff.

The defendants appealed to this court. It was held on the appeal that the receipts adduced by the plaintiff against the defendants showed payments amounting to $300.00 on account of the purchase price of land, but that the receipts were not shown to be connected with the land described in thepetition; that parole evidence would have been admissible for that purpose, but that none having been offered there was not alternative, ex-

cept to affirm the judgment appealed from. A writ of review was obtained from the Supreme Court, and it was held on the review, Cousin vs. Schmidt, 143 La. 843, 844, 845, 79 South. 427, that defendants exception of no cause of action should have been maintained. That plaintiff having alleged an agreement to buy and sell, payments made and received on account of the purchase price, therefore had no right to have returned the price paid. The judgment of the Court of Appeal and of the District Court was both set aside and the case remanded.

The present suit was filed on June 12, 1920. Its object is to compel defendants as heirs of their mother to execute a 'title in plaintiff's favor for the land in question. Plaintiff's petition in the present case follows defendant's averments in suit No. 2443, and in effect calls on defendants to do now what they offered to do in the first suit. The plaintiff alleges, however, that defendants now refuse to execute a title and that they, particularly Mrs. Lucia Schmidt, have entered on the land and cut the timber from same, damaging the plaintiff to the extent of $1,000.00. The plaintiff admitting that there was $400.00 due on account of the purchase price, deposited same in court and prays that defendants be compelled to execute a title in her favor and pay her the value of the timber cut from the land.

The defendants did not at first appear through the same attorneys, nor urge the same defenses. Lucia, Anna, Camille, Stella, Walter and apparently Maurice and Harry appeared on October 15, 1920, and excepted to the jurisdiction of the court on the ground that they were residents of the city of New Orleans. This exception was overruled and as they did not further appear at that time, a judgment by default was entered up against them and subsequently confirmed as hereinafter stated.

Gaspar Cusachs appeared on January 10, 1921, as tutor for Maurice, Harry, James and Charle sand through another attorney answered plaintiff's petition by admitting the agreement to sell and buy for the price and sum of $700.00, the payment of $100.00 and then $200.00 on account of the purchase price, making $300.00, and that $400.00 remained due, all as alleged by the plaintiff. He claims in his answer for said minor heirs, their share of the $400.00 deposited in court and denied that the minors for whom he appeared had cut any timber on the land and denied all liability on that account; averred that he had never refused to execute a ttile, upon being paid the balance due the minors for whom he was tutor and again sendered title for their interest; conditioned that they were first paid for same in full. His prayer is in conformity with his allegations and he further prayed that plaintiff be required to reimburse to the minors the taxes paid on the property.

On February 11, 1921, the court rendered judgment in favor of the plaintiff and against Gaspar Cusachs, tutor, on the answer filed by him for Maurice, Harry, James and Charles and on confirmation of the default against Lucia, Anna, Camille, Stella and Walter, recognizing the plaintiff as the owner of the land with right of possession. Against Lucia, Anna, Stella, Camille and Walter for $700.00 in solido on account of timber cut from said land. In favor of Gaspar Cusachs, tutor for Maurice, Harry, James and Charles, for $171.22 as their share of the $400.00 deposited in court and directed the Clerk of Court to pay same to them.

Lucia, Anna, Camille, Stella, Maurice, Harry and Walter prosecuted a devolutive appeal from said judgment to this

court. This court on the first hearing affirmed the judgment appealed from, but on rehearing, March 5, 1923, it was held that plaintiff had not made proof of her ownership of the land and on that ground the judgment appealed from was set aside and the case remanded for a new trial.

All the defendants appeared on the remand, including James and Charles, on April 9, 1923, through attorneys different from the one who had represented the tutor in the answer of January 10, 1921, and joined in the same answer. In this answer they all deny plaintiff's allegation that their mother had promised to sell and the plaintiff to buy the land in question, contending that they had no knowledge of the fact. They also inferentially allege ownership in themselves by claiming that plaintiff had damaged them by cutting timber from the land. They all pray that plaintiff's demand be rejected and that she be compelled to pay them $500.00 damages on account of timber cut from the land by her. The case was tried anew on this answer and judgment was rendered in favor of the plaintiff on October 15, 1926, recognizing her as the owner of the land, with right of possession; condemning all the defendants in solido to pay her $350.00 damages on account of timber cut from the land; charged all the defendants in solido with $171.22 paid by plaintiff to Maurice, Harry, James and Charles pursuant to the judgment of February 11, 1921, out of the $400.00 which the plaintiff had deposited in court at the time of filing suit. Also charged to all the defendants $32.00 paid by plaintiff as cost and the balance of the $400.00 was by the judgment off set against the $350.00 damages which the defendants were required to pay as damages on account of timber cut, leaving nothing due the defendants

on account of said land. No mention is made of the taxes which the tutor claimed in his answer of January 10, 1921.

All of the defendants have appealed from this judgment and the case is now before us on their appeal.

Defendants urge in argument and brief that the result of the suit No. 2443 and decision of the Supreme Court, left the parties in the same position in which they were, in the matter of pleading, before that suit was filed. That the former suit was not admissible in evidence in the present case. We differ with defendants about this matter. We think the record of suit No. 2443 admissible in evidence for the purpose for which it was offered and received in the present suit. As for the contention that the result of the first suit left the parties in the same condition in which they were before it was filed, we find that the sworn petition and answer in that suit and title tendered amounts to a judicial confession of the facts therein admitted by defendants and that said confession stands in full force. Civil Code, Art. 2291. The facts admitted by defendants in their answer of April 24, 1916 are not said in their answer of April 9, 1923, to have been due to error of fact, nor is claim of that kind made with reference to the answer of January 10, 1921, by Gaspar Cusachs, tutor for Maurice, Harry, James and Charles, in the present suit. Defendants have therefore admitted that on or about June 29, 1907, their mother, Camille Cousin, entered into an agreement with the plaintiff, whereby their mother agreed to sell and the plaintiff to buy the property in question at the price of $700.00, of which amount $100.00 and then $200.00 was paid, leaving unpaid $400.00; and that their mother executed and signed the two receipts ad-

duced by the plaintiff, showing performance of the agreement on the part of the plaintiff to that extent. These admissions are not like legal conclusions, unsuccessfully urged, but admitted facts, the effect of which was not done away with by the result of the suit. The authorities cited by plaintiff, Smah vs. Harrell, 16 La. Ann. 190; Font vs. McConnell, Jr., 46 La. Ann. 215, 14 South. 522, have reference to questions of estoppel by former pleading which have been overruled, and not to facts solemnly admitted in an answer. Louisiana Digest, Vol. 3, Subject Evidence, Sections 127, 128, pp. 157, 158; Supplement Vol., Subject Evidence, Sections 127 and 128, pp. 367. But suppose these admissions be put aside. The note of evidence in suit No. 2443 shows that plaintiff offered in evidence on the trial of that case the two receipts above mentioned, stating that they were annexed to her petition. The plaintiff has sued the defendants in the present case to compel the execution of a tile in carrying out an agreement to sell land described in their petition, the contract being evidenced by these receipts. It was therefore incumbent on defendants to either expressly disavow their mother's alleged signature to these receipts, else allege that they did not know her handwriting, Code Practice, Art. 324, Civil Code, Art. 2244. The denial in their answer of April 9, 1923, based on lack of knowledge of the facts is not an equivalent to the express disavowal or allegation that they do not know her handwriting required by the law, but suppose such to be the case. The defendants did not offer any evidence at all, the purpose of which was to question the alleged signature of their mother to these receipts; or the verity of the same. The plaintiff herself was not directly questioned about the receipts, but she did

testify on the trial that she entered into a contract with Camille Cousin to purcase the land described in her petition for $700.00 and that she paid $300.00 on the contract price, leaving unpaid $400.00. A fragment of one of the receipts is all that remains, the other has disappeared from the record. The fragment remaining commences and thence reads: "The sum of $100.00 onaccount being part payment on a piece of land on the east side of Bayou Lacombe, being portion of Mrs. Anatole Cousin's land. (Signed) Camille Cousin." Under the signature appears the declaration of R. G. Hadden, notary public, that Mrs. Cousin appeared before him and after being duly sworn says that the above deed was signed by Camille Cousin in her presence. On the reverse side appears a certificate of the Clerk of Court of the Parish of St. Tamfor record and recorded February 27, 1909, many, that the instrument had been filed in conveyance book No. 51, pp. 531, of his official records.

The receipts are acts under private signature and the registry of acts under private signature, indicating contracts in regard to land, that have been made in the conveyance books, can be offered and received in evidence against the party said to have executed same, or their heirs claiming under them, without proof of signature. Kittridge vs. Hebert, 9 La. Ann. 154; Stallcup vs. Pyron, 33 La. Ann. 1249; Allen, West & Bush vs. Whetstone, 35 La. Ann. 847; Burns vs. Thompson, 39 La. 377, 386; 1 So. 913. But the signature of defendants' mother to these receipts is an admitted fact. In defendants' brief in case No. 2443, filed in this court on April 25, 1917, contains what defendants say in their brief is a reproduction of these receipts. The first one as reproduced in their brief reads as follows:

"Bayou Lacombe, 6-9-1907
"Received from Mrs. L. Cousin the sum of $100.00 on account, being part payment on the price of land on the east side of Bayou Lacombe, being a portion of Aanatole Cousin's land.
(Signed) "Camille Cousin."

Then follows a declaration signed by R. G. Hadden and the certificate of the Clerk of Court as above taken from the fragment of the original. The other receipt is reproduced in the brief as follows:

"Lacombe, 9-4-07
"Received from Mrs. L. Cousin the sum of $200.00 on account of my land, east side of Bayou Lacombe, being a portion of Mrs. Anatole Cousin's land.
(Signed) "Camille Cousin."

Then follows a declaration signed by R. G. Hadden, notary public, and a certificate of the Clerk of Court that the document had been recorded, as above taken from the fragment of the original of the first receipt.

The argument of the defendants that their mother's signature to the receipts was not proved on the present trial does not take into account the evidence which indicates that she did and the fact that on the trial defendants brought forward nothing indicating that she did not, or questioning the verity of the same. Returning now to the admissions in defendants' answer on April 24, 1916, in suit No. 2443, and of January 10, 1921, by Gaspar Cusachs, tutor in the present suit, the signature of defendants' mother and the verity of the receipts are admitted, proving unqualifiedly the contract to sell and buy as alleged by the plaintiff, leaving no room for doubt about it.

Defendants urge in argument that plaintiff informed Mrs. Lucia Schmidt that she did not want the land and did not intend to finish paying for it. That she had thereby lost her right to have title executed for same. Plaintiff denies the statements imputed to her by Mrs. Schmidt to that effect and her denial is corroborated by her actions. The court accepts the statements of the plaintiff on the subject mentioned.

Defendants also urge that plaintiff lost her right, if any she had, by her delay in claiming title; citing Joffrion vs. Gumbel, 123 La. 391, 48 South. 1007. The plaintiff testifies that she sold some land, after the termination of her first suit, in order to raise the $400.00 required to finishe paying for the land in question, tendered same to defendants, that theyrefused to receive it and that she finally brought the present suit. The first suit terminated when the decision of the Supreme Court in Cousin vs. Schmidt, 143 La. 843-4-5, 79 South. 427, became final which was on June 29, 1918. The present suit was filed June 12, 1920, and has been in court ever since. Between the termination of the first suit and the filing of the present there is evidence to the effect that the parties were engaged in negotiations looking to an amicable arrangement of their differences. Under such facts the authority cited is not controlling.

The lower court recognizes the plaintiff as the owner of the land in question with the right of possession. This was done by offsetting and extinguishing the $400.00 remaining unpaid on account of the purchase price with a judgment against the defendants for damages on account of timber cut and also applying against same the $171.22, paid by plaintiff under the judgment of February 11, 1921, also $32.00 in cost paid by plaintiff, leaving nothing due defendants on account of the purchase price. But that cannot be done for the reasons hereinafter explained. We agree with the plaintiff that defendants are bound to execute

a title in her favor, but only after she has complied with the agreement on her part. That is what plaintiff prays for in her petition. We also agree with the plaintiff that the timber on the land should not have been cut by defendants, nor any of them, for there ason that the standing timber had been contracted to the plaintiff and was part of the thing for which she should receive title. We think plaintiff has been damaged to the extent of $350.00 as fixed by the lower court; but not by the act of all the defendants. The evidence shows clearly that Mrs. Schmidt had the timber cut and is solely responsible on that account; that none of the other defendandts, nor their tutor of the minors, participated in it; consequently none but Mrs. Schmidt can be looked to to make good any damage on that account. It was error ot hold that the other defendants are equally responsible for a wrongful act with which they had nothing to do.

The judgment appealed from also erroneously charges to all the defendants $171.22 paid by plaintiff to A. D. Schwartz, attorney for Gaspart Cusachs, tutor for Maurice, Harry, James and Charles Cusachs. The payment will be recognized as the judgment of February 11, 1921, was only devolutively appealed from, but only as a payment to the tutor and for the account of the heirs for whom he stood. The judgment did not authorize a payment on account ofany of the other defendants. The evidence on the subject shows that the amount was paid to Mr. Schwartz for the party he represented in the suit and must be therefore charged to Maurice, Harry, James and Charles and no part ofit to any of the other defendants.

This court in remanding the case on March 5, 1923, directed that the cost in the lower court abide the result of the suit. We therefore find no authority for charging defendants with $32.00 cost paid by virtue of the judgment of February 11, 1921, which was set aside by this court.

We agree with the lower court that defendants demand against the plaintiff on account of timber cut from the land in question by the plaintiff was properly refused. The sanding timber was due the plaintiff and now when she gets title she will take the land, less the timber cut from it by herself. The judgment appealed from says nothing about reimbursing defendants on account of taxes paid by them, or some of them, on the land in question. We feel pretty sure that this land is worth now a good deal more than it was at the time defendants' mother contracted to sell it to plaintiff. In defendants' answer of April 9, 1923, there is nodemand against the plaintiff on account of taxes paid by them on the property, but in the answer of Gaspar Cusachs, tutor for Maurice, Harry, James and Charles, on January 10, 1921, there is a demand against the plaintiff on that account. Gaspar Cusachs had ceased to be tutor when the last answer was filed, all the heirs having reached the age of majority; yet his demand for taxes still stood in behalf of those for whom it had been made.

Mrs. Schmidt, testifying as a witness in behalf of all the defendants, stated that she had paid the taxes on the property for many years. This evidence was received without objection and can be considered; but further evidence on the subject was excluded by the court on the objection of the plaintiff that defendants' answer contained no demand of that kind. That was true as to Mrs. Schmidt and her co-defendants, except Maurice, Harry, James and Charles. As

to them there was a demand for reimbursement. Therefore evidence to show that they had contributed to keeping the taxes paid on the property was admissible. There was nothing said on the subject, except what was claimed by Mrs. Schmidt and that is not sufficient to enable us to properly deal with the matter either way. We think it likely that there was some misunderstanding on the subject in the lower court. Strong equity considerations prompts us toleave that matter open for adjustment in the lower court by further proceedings. The judgment appealed fromis partly correct, but it must be set aside in order that a judgment may be rendered on the whole case, such as we think should be rendered.

The judgment appealed from herein is therefore annulled, avoided and set aside. It is now ordered, adjudged and decreed that Lucia Cusachs, wife of J. O. Schmidt; Anna Cusachs, wife of S. G. Theisin; Camille Cusachs, wife of Albert J. Davidson; Stella Cusachs, wife of Stephen C. Cassagne; Walter Cusachs, Maurice Cusachs, Harry Cusachs, James Cusachs and Charles Cusachs, each execute and deliver to Rosamine ousin, widow of Lawrence Cousin, a title to that certain tract of land, to wit: "A certain portion of Lot 1, Section 43, T. 8, S. R. 13 E, designated as Lot No. 9, on a plat made by Joseph Pugh in November, 1908, filed in the office of the Clerk of Court on February 19, 1913, and known as part of Mrs. Anatole Cousin's land, situated in the Parish of St. aTmmany, with legal warranty of title. The price of the sale is to be $700.00, of which amount $100.00 was paid on June 29, 1907 and $200.00 on September 4, 1907, within thirty days from the time this judgment becomes final, all subject to the conditions that Rosamine Cousin shall first pay to the said Anna,

Walter, Stella and Camille each at the time title is tendered, one-ninth of $400.00 with legal interest thereon from June 12, 1920, until paid; and that she shall also at the same time pay to the said Maurice, Harry, James and Charles, each, one-ninth of $400.00 with legal interest thereon from June 12, 1920, until paid, less $171.22 received by them in equal shares from plaintiff on February 11, 1921, all in the execution and performance of the agreement entered into between Camille Cousin and Rosamie Cousin on or about June 29, 1907.

It is further decreed that Rosamie Cousin have judgment against Mrs. Lucia Cusachs Schmidt for $350.00 on account of timber cut and removed by said Mrs. Schmidt from said land, with legal interest thereon from June 12, 1920, until paid, less one-ninth of $400.00 with legal interest thereon from reckoned same date, said one-ninth being the share due Mrs. Schmidt on account of the purchase price of said land. Defendants demand herein against the plaintiff on account of timber cut by the plaintiff from said land is refused.

The above judgment without prejudice to any claim defendants may have for taxes that may have been paid by them on said land.

It is further ordered that the plaintiff and appellee pay the cost of appeal, and one-half of the costs in the lower court; the other half to be paid by defendants and appellants.

LECHE, J., dissenting. A promise of sale is by its nature an indivisible obligation (Art. C. C .2109) and must be executed entirely or not at all. An obligation which is indivisible as to the obligee is also indivisble as to the obligor. Randolph vs. Stark, 51 La. Ann. 1126, 26 South. 59; Barrow & LeBlanc vs. Penick & Ford, 110 La. 572, 34 South. 691; Gra-

ham vs. Barnhart, 117 La. 1023, 42 South. 489; Suthon vs. Laws, 127 La. 531, 53 South. 852. In this case the promisor is dead, and by Art. C. C. 2114, his heirs are ach bound to eexcute the contract in its entirety. The decree in this cas a ojepsses262,..tc

The decree in this case passes upon the individual obligations of the heirs, defendants, towards the obligee, the plaintiff, and therefore· attempts to divide an indivisible obligation. The decree further passes upon the rights and obligations of the heirs among themselves, a matter which does not concern the plaintiff and which is not an issue in the case.

I believe the judgment appealed from should simply be affirmed.