### No. 3228

### Second Circuit

### BASS v. ROBY MOTORS CO., INC.

(November 18, 1929. Opinion and Decree.)

Albert P. Garland, of Shreveport, attorney for plaintiff, appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiff sues defendant for $288.56, with legal interest thereon from May 14, 1926, until paid. He alleges:

"That, on May 14, 1926, petitioner transferred and delivered to the said Roby Motors Company, Incorporated, represented by its salesman named Bense, a certain Oldsmobile coupe automobile for the price and sum of $288.56, agreeing that such sum should be applied as a credit on 'any car' to be thereafter purchased by petitioner from said Roby Motors Company, Incorporated, by and through its said salesman, gave petitioner a credit slip or memorandum to that effect, which will be produced on the trial hereof."

We will interpolate here that the credit slip was produced on the trial and reads as follows:

Order Blank.
Dealer's Name Roby Motors Co.
Address Shreveport, La.
Date 5/14 1926.
You may enter my order for one_____
(Model)

_____
(Name)                         (Type)
to be delivered to me_____or as
soon as possible.

| Cash price of car_____ | | |
|---|---|---|
| Accessories_____Credit on_____ | | |
| Total Cost_____any car_____ | 288 | 56 |
| Finance charge_____ | | |
| Total time cost_____ | | |
| To be paid as follows: | | |
| Allowance for_____car | | |
| No _____ | | |
| Cash on delivery_____ | | |
| Balance _____ | | |

To be paid in_____notes of $_____each.
Remarks: _____ _____

No salesman's verbal agreement is binding on the Company; all terms and conditions of this sale are expressed in this agreement; any promises or understandings not herein specified in writing are hereby expressly waived.

It is agreed that any used car purchased under this order is sold as is; we do not guarantee. Any adjustments or repairs made from this day on will be charged for. We do not guarantee the mileage or model.

It is agreed that any new car purchased under this order is subject to the manufacturer's Standard Warranty, which is printed on the back of and made a part of this order, and that it is the only warranty either expressed or implied, made under this order.

It is understood and agreed that the title of ownership of car as above described does not pass to me until the final cash payment is made. I certify that the car I am trading in is free from all incumbrances whatsoever. This order is not binding unless authorized by an officer of the Company.

[Signed]                    Jos. G. Bass.
Address Shreveport, La.    Phone No._____
Authorized by Roby Motors Co.
                           Salesman Bense.

Continuing, he alleges:

"That shortly thereafter and on several occasions petitioner selected a second hand automobile owned by said Roby Motors Company, Incorporated, for purchase by him, and demanded that the automobile so selected by him be sold to him and that he be given credit on the purchase price thereof for the above mentioned sum of $288.56, but the said Roby Motors Company, Incorporated, refused to sell him the automobile so selected, and contended that he was not entitled to any such credit unless he purchased a new or second hand automobile of a value of $1,000.00 or over.

"Petitioner further shows that the agreement made by him, as evidenced by the credit slip or memorandum, contained no such condition that petitioner should be required to purchase an automobile of a value of $1,000.00 or up, at the time of signing by him; and that on the slip now in the possession of said Roby Motors Company, Incorporated, the words and figures '$1,000.00 or up' have been added by some person unknown to petitioner, and without his knowledge or consent, since he signed the same."

Plaintiff further alleged that defendant had sold the automobile, he delivered it to some person, and for a price unknown to him, and that defendant refuses to inform him to whom or at what price it sold the automobile.

In a supplemental petition plaintiff alleged:

"That, since the filing of this petition, he has examined the carbon copy of credit slip or memorandum mentioned in article two of his original petition, under a magnifying glass, and has observed that, under the words 'credit on any car', which were written by petitioner in his own handwriting, there are the figures '1000.00', which are not in the handwriting of petitioner, which petitioner did not write on the original credit slip in the possession of defendant, and which were not on the original at the time petitioner signed it, and, if on the carbon at such time, petitioner did not observe it, and that at no time prior to March 3, 1927, did petitioner detect such figures on the carbon copy of such credit slip."

And he further alleged that:

"Petitioner further shows that, regardless of whether the sum of $288.56 was to be a credit on any car of any price or any car of $1,000.00 or up, the contract between petitioner and defendant is null and void for want of mutuality and for want of certainty as to the object thereof, in that said defendant did not bind itself to sell any car and could withdraw therefrom by returning petitioner's automobile or the sum of $288.56, and petitioner could not select and demand delivery thereunder any particular automobile."

And he prayed that:

"He have judgment as originally prayed for, or declaring such contract null and void for want of mutuality and certainty as to object, and granting him judgment against defendant in the sum of $288.56 with legal interest from May 14, 1926."

The defense is that the car was delivered to defendant by plaintiff to be credited at a value of $288.56 on the price of any car plaintiff might purchase from defendant at a price of $1,000 or more, and the words and figures "$1,000.00" were on both the original and the carbon copy of the agreement when signed by plaintiff.

In the alternative, defendant alleged that it had been compelled to pay $161.44 to secure the cancellation of a mortgage bearing on the car when delivered to it to secure the payment of an indebtedness of that amount, and it prayed that, in the event judgment should be rendered against it, it be allowed credit on the judgment by way of compensation for that amount.

On these issues the case was tried, and there was judgment rejecting the plaintiff's demand and dismissing his suit, and he has appealed.

### OPINION

At the inception of the trial, plaintiff offered parol evidence to prove the agreement between him and defendant, but the evidence was excluded on objection of defendant on the ground that it was an attempt to change, by parol evidence, a written contract between plaintiff and defendant, or to prove preliminary discussions or understandings leading up to an agreement that had been reduced to writing.

We are of the opinion that the evidence offered was competent and relevant, and that the court erred in refusing to permit it to be introduced.

The document is not a complete contract. It did not fix any time within which it should be carried out, nor any price for the new or old car that might be selected by plaintiff.

The prohibition against admitting parol evidence against or beyond what is contained in an act, and against what may have been said before or at the time of making it, or since, relates to complete and unambiguous contracts. The document introduced in evidence is not a complete contract; neither is it unambiguous; and, in addition, it is alleged by plaintiff to have been altered to his prejudice, without his knowledge or consent, since it was signed by him. We therefore think case a proper one for the admission of parol testimony.

It was held in Cousin v. Schmidt, 143 La. 843, 79 So. 427, that parol evidence was admissible to identify land imperfectly described in an agreement to sell and to establish the price agreed on as the price to be paid.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the case be remanded to the city court of the city of Shreveport, La., and reinstated on its docket, with instructions to admit the parol evidence sought to be introduced and any other parol evidence as to

the nature of the transaction between plaintiff and defendant, and for other further proceedings according to law; appellee to pay the cost of the present appeal. All other costs to await the final result.