SARTAIN, Judge.
Plaintiff, Dr. Norman S. Hunt, brought this action for declaratory judgment against defendant, J. Leo Bowie, alleging that a purported counter letter filed of record by defendant was creating a cloud on the title of certain immovable property which he owned. He prayed for a judgment declaring the purported counter letter to be null and void. He further prayed to be declared owner of the immovable property in question. After trial the trial judge held in favor of plaintiff, awarding him the relief prayed for. We affirm.
The facts are basically undisputed and can be briefly stated. On September 1, *970 1971, Leo Bowie and Norman S. Hunt, Jr., plaintiffs son, signed a letter which provided as follows:
September 1, 1971
Mr. Joseph Leo Bowie
176 Camelia Drive
Thibodeaux, Louisiana
RE: Purchase E.R.T. Marquette property in Gray, Louisiana which 10 acres are to be sold to the partnership consisting of Dr. Norman S. Hunt, Leo Bowie and Norman S. Hunt, Jr.
Dear Mr. Bowie:
In reference to the captioned property, this is to acknowledge that your interest in the purchase of the property located in Gray, Louisiana is 50% of the land and the profits and liabilities thereof.
That although the purchase will be made in the name of Norman S. Hunt, Jr., this letter is to certify your interest in the property which will be more particularly described in the act of sale.
Hunt Association.
(/a/) Norman S. Hunt Jr.
NORMAN S. HUNT, JR.
f/s/) Leo Bowie
Leo Bowie
The letter was notarized by E. Howard MeCaleb, III, Notary Public.
On September 10,1971, Norman S. Hunt, Jr., d/b/a Hunt & Associates, purchased certain property described as
A certain tract of land situated in the Parish of Terrebonne, Louisiana located in Section 4, T 16 S, R 16 E, Terrebonne Parish, Louisiana measuring Two hundred fifty-four (245') feet front more or less on the west side of Louisiana Highway No. 24, by depth of One Thousand eight hundred fifty-five feet (1,855'), more or less between parallel lines; and being all of the remaining property of Merlin Robichaux, bounded East by Louisiana Highway No. 24, North by Garden of Memories Cemetary, South by the center line of Block Two (2), Block Three (3) and Block Four (4) of Fairlane Subdivision or a projection of said center line in a westerly direction, as said line is shown on á plan of Fairlane Subdivision or a projection of said center line in a westerly direction, as said line is shown on a plan of Fairlane Subdivision made by Bobby F. Warren, C.E., of record in COB 308 folio 584 of the records of Terrebonne Parish, and bounded westerly by a prolongation of the westernmost boundary line of the rearmost proposed lot as shown on the plan of Fairlane Subdivision/ being all of the property enclosed within the points A, B, C, and D on the plat of survey (2 sheets) recorded in the Clerk’s Office, Terrebonne Parish, Louisiana, under Entry No. 260395, together with all rights, ways, privileges and servi-tudes thereunto belonging or in anywise appertaining.*
LESS AND EXCEPTING: That property sold by Merlin J. Robichaux and wife to Joseph D. Naquin by act dated July 16, 1962 recorded in COB 340 folio 293 of the records of Terrebonne Parish, Louisiana.
from E. R. T. Marquette for a stated price of $36,000.00. The sum of $3600.00 was paid in cash and the remainder was represented by a promissory note secured by a mortgage on the property. The original act of sale with mortgage in authentic form was filed for record September 10, 1971.
Leo Bowie filed the September 1, 1971, letter for record on May 22,1972. Plaintiff purchased the mortgage note from Mr. Marquette on August 27, 1973, for approximately its face value with accrued interest. No payments had been made on the note at that time and Mr. Marquette was threatening foreclosure. Subsequently, Dr. Hunt and his son entered into a dation en paiement whereby Hunt, Jr. transferred the property in question to his father who in return cancelled the indebtedness repre *971 sented by the promissory note secured by the mortgage. This act was passed in authentic form on October 4, 1971, and filed for record on October 7.
In this action, plaintiff asserts that the purported counter letter is void as to third parties relying on the public records because the property description is inadequate and because it is an act under private signature recorded without being acknowledged pursuant to C.C. Art. 2253. It is true that Art. 2253 appears to declare that an act under private signature not duly acknowledged has no effect on third parties even though recorded. But the jurisprudence of this state holds that a recorded act gives notice to third parties even if it is not acknowledged or proved prior to recordation pursuant to Art. 2253. Stallcup v. Pyron, 33 La.Ann. 1249 (1881). However, in the instant case it is immaterial that the letter is unacknowledged because we find that the property description contained in the letter itself is so inadequate that it cannot be held to properly place third parties on notice.
The letter refers simply to the “E. R. T. Marquette property in Gray, Louisiana which [contains] 10 acres.” The act includes no reference to the legal subdivision description of the land. The rule is that when this is the case the act will be considered as not giving notice to third persons unless there is “reference to any deed, map,, plat, patent, survey, or boundary by which the description may be ascertained.” Baldwin v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442 (1936); Cattle Farms, Inc. v. Abercrombie, 211 So.2d 354 (La.App. 4th Cir. 1968). It is true that the letter in question refers to an act of sale which will be in the name of Norman S. Hunt, Jr., as vendee. However, it is impossible to say that the act of sale referred to is the sale between Marquette and Hunt. The property descriptions are very dissimilar. The name of the vendor is not given in the letter. In the act of sale the property is not referred to as the E.R.T. Marquette property. In order for a reference to a description in another act to be sufficient the act referred to must be ascertainable. Here it is not. We therefore find that the purported counter letter does not affect third parties and affirm the decision of the trial court that it is null and void as to Dr. Norman S. Hunt.
The trial judge also declared Hunt to be the owner of the property. In a declaratory judgment action in which the issue of ownership of immovable property is presented, C.C.P. Art. 3654 establishes the burden of proof. The article provides:
When the issue of ownership of immovable property or of a real right is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; or
(2) Who proves better title to the immovable property or real right, when neither party would be entitled to the possession of the immovable property or real right in a possessory action.
In this case neither party alleged possession or put on any evidence as to who was in possession. Therefore, if this had been a possessory action neither party would have been .entitled to judgment. Therefore, under Art. 3654(2) plaintiff’s burden of proof is simply to show “better title.” This he has done. He has introduced into evidence a certified copy of a dation en paiement from his son. This un-contradicted evidence is prima facie proof of his ownership. Harrison v. Alombro, 341 So.2d 1165 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1063 (La.1977). The only evidence of defendant’s ownership is the purported counter letter from Norman S. Hunt, Jr. which has been found to be null and void as to plaintiff. Therefore we find *972 that plaintiff has proven “better title” than defendant. The judgment is affirmed at appellant’s cost.
AFFIRMED.

 For the purposes of clarification, it is expressly stated that the property hereinabove described includes Lots Nos. Thirteen (13) through Twenty-seven (27) of Block No. Five (5) and Lots. Nos. Fourteen (14) through Twenty-six of Block No. Four (4) of Addendum No. One (1) to Fairlane Subdivision as shown on plat thereof dated August, 1962 by Bobby F. Warren, C.E., recorded in COB 347 at folio 263 and that said property further includes all streets or portions of streets as may be located within the boundaries of said Addendum.